GEORGE STORY *et al.*, Defendants in Error, v. AMER-ICAN CENTRAL INSURANCE COMPANY, Plaintiff in Error.

St. Louis Court of Appeals, March 26, 1895.

1. **Domestic Corporations:** SERVICE OF PROCESS: SUFFICIENCY OF RETURN. The service of a summons on a domestic corporation by the delivery of a copy, at a business office of the corporation in the county, to the person in charge thereof is permissible in the absence of the president or other chief officer of the corporation. Such absence sufficiently appears from a return which, after setting forth the delivery of the copy at such office to the person in charge, adds that the president or other chief officer was not found in the county, this being equivalent to the statement of his absence from the office at the time of the service.

2. **Pleading:** ESSENTIAL AVERMENTS OF PETITION. Every fact, proof of which is essential to a recovery by the plaintiff, must be stated in the petition; otherwise it will be fatally defective, the omission of an essential averment not being cured by verdict. And facts must be stated as distinguished from conclusions of law.

3. ———: ———: ACTION ON FIRE INSURANCE POLICY. Accordingly, a petition for the recovery of a loss under a fire insurance policy must state the ownership of the insured property by the plaintiff at the time of the fire, and the value of the property destroyed. Allegations that the plaintiff owned the business conducted in the building containing the property, and that he was damaged in a stated amount by the destruction of the property, will not suffice, these not being the equivalent, by necessary intendment, of the requisite averments.

*Appeal from the Lewis Circuit Court.*—Hon. Ben. E. Turner, Judge.

Reversed and remanded.

*Fyke, Yates & Fyke* for appellant.

*Robert W. Ray* for respondent.

Rombauer, P. J.—The action is brought on a fire insurance policy for $400, issued by the defendant to George Story on certain personal property owned by him at the date of the contract. The plaintiffs are George Story and David B. Wallace. The trial court rendered judgment in favor of plaintiffs for the full amount of the policy with damages for vexatious delay, the defendant not appearing. The defendant thereupon sued out this writ of error, and now assigns for error that the court never acquired any jurisdiction of its person and that the petition states no cause of action warranting the judgment rendered.

The first point made arises upon the returns of the sheriff. There are two returns, one showing service on the agent of the company in Lewis county, the other on the president of the company in the city of St. Louis. The defendant's contention is that both are insufficient, the first because made on an agent, without showing that the president or other chief officer was absent from the office, the second, because it fails to show that the president or other chief officer could not be found in the county, although it distinctly appears that the defendant had a business office in the county.

The defendant is a domestic corporation. Section 2527 of the Revised Statutes of 1889 provides as to service on such corporations as follows:

"When any such summons shall be issued against any incorporated company, service on the president or other chief officer of said company, or, in his absence, by leaving a copy thereof at any business office of said company with the person having charge thereof, shall be deemed a sufficient service; and if the corporation have no business office in the county where suit is brought, or if no person shall be found in charge thereof, and the president or chief officer can not be found in such county, a summons shall be issued, directed to the sheriff of any county in this state where the president or chief officer of such company may reside or be found, or where any office or place of business may be kept of such company, and the service thereof shall be the same as above."

The sheriff's first return in the case is as follows:

"Executed the within writ in the county of Lewis on the twenty-seventh day of July, 1894, by delivering a copy of the writ together with a copy of the petition to Horace P. Tate, agent, and by leaving the same at the business office of the American Central Insurance Company in the city of LaGrange, in the county of Lewis, in the state of Missouri, on the twenty-seventh day of July with the said Horace P. Tate, the person having charge thereof, the president or chief officer of said American Central Insurance Company not having been found in said county of Lewis.

"LEWIS JONES, Sheriff,

"Lewis County, Missouri.

"THOMAS I. JOHNSON,

"Deputy Sheriff."

It will be seen by the foregoing return that it sufficiently states the absence of the president or other chief officer from the business office of the company in Lewis county at the time when Tate, the agent of the company, was served there. It states that the presi-

dent or other chief officer was not found in the county. Had either of them been at the LaGrange office when service on the agent Tate was had, the sheriff would necessarily have found them there. We concede that the term "was not found" is not equivalent in meaning with "can not be found," since failure to do a thing does not imply an inability to do it. The subsequent issue of the second writ, and its return by service upon the president of the company in St. Louis was unauthorized by anything appearing in the first return. Such writ to another county can be issued only when the president or chief officer *can not be found* in the county where suit is brought. But, as we deem the service on agent Tate at the business office of the defendant in Lewis county, in the absence of any chief officer there, sufficient, and as the absence of such chief officer at the office reasonably appears by the first return, that return is, at most, an imperfect return within the purview of section 2113 of the Revised Statutes of 1889. The defendant's first assignment of error is, therefore, untenable.

The second assignment of error challenges the sufficiency of the petition. The petition nowhere states the value of the goods destroyed at the date of the fire, nor does it state the ownership of the goods in the plaintiff, to whom the policy was issued, at the date of the fire. It does state that, before the loss, plaintiff Story sold one undivided half in the property to plaintiff Wallace with the consent of the defendant, and that with like consent he assigned one undivided half in said policy to plaintiff Wallace. The petition then proceeds as follows: "Plaintiffs say and charge that they afterwards so owned, run and conducted the *business* at the same place as a livery and feed stable, and were so owning and conducting *it* at the time of the fire hereinafter stated.

"Plaintiffs state that afterwards, to wit, on the twenty-seventh day of July, A. D. 1893, the *greater part* of said buggy harness, lap robes, whips, hay, corn, oat sand ground feed, contained in said two story frame, shingle roof, livery and feed stable, situated on the north side of Lewis street and on the east side of Third street, in the town of Canton, Lewis county, Missouri, and while occupied by them as a livery and feed stable, insured as aforesaid, was destroyed by fire, to their damage in the sum of four hundred and eighty-two dollars and twenty-five cents."

The petition also states that plaintiffs made proof of said loss on July 23, 1893. The loss, according to the petition, was payable sixty days after proofs of loss had been furnished.

It has always been the law of this state that every fact, the proof of which is essential to plaintiff's recovery, must be stated in the petition; otherwise it will be fatally defective. *Pier v. Heinrichhoffen*, 52 Mo. 333; *Scott v. Robards*, 67 Mo. 289. Facts and not conclusions of law must be stated, and the omission of an essential averment is not cured by verdict. *Staley House Furnishing Company v. Wallace*, 21 Mo. App. 128.

If these rules be applied to the petition before us, it is fatally defective in the following particulars: First, it fails to state that the plaintiffs owned the property insured at the date of the fire. It does state that they owned, run and conducted the *business* of carrying on a livery stable, but whether the property insured was part of that business nowhere appears either by express statement, or necessary intendment. The petition nowhere states the value of the property destroyed. The words "to their damage in the sum of four hundred and eighty-two dollars and twenty-five cents" constitute a mere conclusion of law, and may with greater propriety refer to plaintiff's damage in

the business, than to the value of the goods. May on Insurance, section 590; *Emigh v. Insurance Company*, 27 Pac. Rep. 1063. The insurer is responsible only to the extent of the loss of the assured in the *property insured*, which must be averred in the petition and shown upon the trial. *Ayres v. Insurance Company*, 17 Iowa, 183; *Wilson v. Hill*, 3 Met. 66; *Michael v. Insurance Company*, 17 Mo. App. 23. Nor can we in aid of the petition indulge in the presumption, that the goods at the date of their destruction were of the same value as at the date of the insurance, because the petition does not claim a total loss, but only a loss of the *greater part*, whatever that may be. The erroneous date of furnishing proofs of loss on the twenty-third of July, or four days before the date of the alleged fire, might possibly be rejected as surplusage, although it would seem that, the loss being made payable only sixty days after furnishing proofs of loss, the date at which such proofs were furnished was material, or at least some statement that more than sixty days had elapsed since such proofs were furnished should have been made.

It results from the foregoing that the defendant's second assignment of error is well taken, and that the judgment must be reversed and the cause remanded. So ordered. All concur.