J. W. SCOTT & SON, Respondents, v. PHOENIX INSURANCE COMPANY OF BROOKLYN, Appellant.

Kansas City Court of Appeals, February 3, 1896.

Pleading: INSURANCE: PETITION. A petition on a policy of insurance is *held* fatally defective because it fails to allege the ownership of the goods in the plaintiff either at the time of the issue of the policy or at the time of the fire.

*Appeal from the Bates Circuit Court.*—HON. JAS. H. LAY, Judge.

REVERSED AND REMANDED.

*Fike, Yates & Fike* for appellant.

The petition in this case fails to state that the plaintiffs were the owners of the insured property, either at the time of the issuance of the policy, or at the time of loss. Such a petition is not sufficient to support a judgment and the judgment must, therefore, be reversed. It has been expressly so held in each of the following cases: *Storey v. American Central,* 61 Mo. App. 534; *Harness v. National,* Kansas City Court of Appeals, not yet reported; *Western Union Co. v. Dunbar,* 26 S. W. Rep. (Tex.) 628; *Fowler v. Ins. Co.,* 26 N. Y. 422; *Lane v. Ins. Co.,* 28 Am. Dec. 151; *Dickerman v. Vermont Mutual,* 30 Atl. Rep. (Vt.) 808.

*Graves & Clark* for respondent.

(1) The defendant's motion to set aside default judgment raised the question as to whether the petition of plaintiffs stated a cause of action. This point was passed upon by the court adversely to defendant, and no objection or exception made or saved to the action of the court, and the defendant acquiesced in the judgment of the court thereon, and can not now be heard to complain. *See v. Ins. Co.,* 60 Mo. App. 518–522; *Gravill v. Railroad,* 105 N. Y. 528; 2 Elliotts' General Prac., sec. 1040; *Gorwyn v. Anable,* 48 Mo. 297. (2) The general rule is, if a party have opportunity to object and except to a judgment and ruling of the court, and does not promptly do so, his silence or inaction will be deemed an acquiescence in the views of the

court and he will be estopped from urging the proposition on appeal. 2 Elliotts' General Prac., sec. 1041; *Connelly v. Benefit Soc.*, 43 Mo. App. 283. (3) The allegations in the petition to the effect that plaintiffs, by the destruction and loss of the property, were damaged in the alleged value of the property is a sufficient allegation of ownership. *Ins. Co. v. Slaughter*, 20 Ind. 520. (4) The policy and the issuance of the policy on insurable property is *prima facie* proof of interest. The allegation of the issuance of the policy and plaintiffs damage thereunder in some sum stands admitted by the failure to answer. *Tabor v. Mfg. Co.*, 11 Col. 419.

SMITH, P. J.—This is a suit which was commenced on a fire insurance policy and in which the plaintiffs had judgment, and from which judgment the defendant has appealed.

The question for decision arises on the record proper and is, whether the petition states facts sufficient to constitute a cause of action. It fails to allege the ownership of the goods in plaintiffs, either at the time of the issue of the policy, or at the time of the fire. These omissions, according to the rulings in *Story v. Ins. Co.*, 61 Mo. App. 534, and *Harness v. Ins. Co.*, 62 Mo. App. 245, are fatal to the judgment. In the last cited case, it was said that "it is essential to the sufficiency of the counts that they should allege an insurable interest in the plaintiffs, at the time the policies are issued, and also at the time of the loss."

The judgment must accordingly be reversed and the cause remanded. All concur.