GEORGE PRENDERGAST *et al.*, Respondents, v. DWELLING-HOUSE INSURANCE COMPANY OF BOSTON, Appellant.

St. Louis Court of Appeals, November 17, 1896.

1. **Insurance**: FIRE: PROOFS OF LOSS: OBVIATION OF OMISSION IN POLICY. A fire insurance policy provided that ——— should give immediate notice in writing of loss, and should within sixty days render to the company a verified statement of certain specified matters (being the matters ordinarily required to be set forth in proof of loss). *Held,* that the policy did not impose any obligation for the delivery of proofs owing to its failure to designate who should make them, and that the omission would not be supplied by the courts to defeat a recovery.

2. ———: CONDITION AS TO VACANCY: WAIVER. A condition avoiding a policy of fire insurance in case of the vacancy of the premises insured is not enforcible, if the agent who issues the policy for the insurance company is aware of the vacancy at the time of its issue.

3. ———: PLEADING: SUFFICIENCY OF ALLEGATION OF OWNERSHIP. A petition in an action on a fire insurance policy, which unqualifiedly alleges ownership of the insured property by the plaintiff, and which is challenged only by objection to the introduction of any evidence, will be held after verdict to sufficiently allege ownership at the times both of the insurance and of the loss.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*Fyke, Yates & Fyke* for appellant.

(1) The petition wholly fails to state ownership of the insured property by assured either at the time the policy was written or at loss. This is fatal. *Story v. Ins. Co.*, 61 Mo. App. 534; *Harness v. Ins. Co.*, 62 Mo. App. 245. (2) No proofs of loss were made within the sixty days. There should therefore have been no recovery. *Mattox v. Ins. Co.*, 56 Mo. App. 343. (3) Givens, the adjuster, did nothing to waive proofs. The agreement that he took from the assured, in plain terms declares that said agreement and the examination by Givens "do not in any respect waive formal proof of loss." There was no other pretended waiver.

No brief filed for respondent.

BOND, J.—The petition in this case alleges that defendant, for a valuable consideration, "did insure the following property of the plaintiffs" (describing a one story dwelling in this city) in the sum of $600, against loss by fire during the continuance of the policy; that within the time specified the property was totally destroyed; that, notwithstanding plaintiffs performed all the conditions of the policy, defendant refused to pay, wherefore judgment was asked for said $600 and ten per cent damages for vexatious refusal to pay said loss.

The answer was a general denial, and an affirmative defense that the building was unoccupied at the time of the issuance of the policy, contrary to a provision therein avoiding it on that ground.

On the trial the evidence tended to show that plaintiffs were the owners of the insured building at the time the policy was taken out, and at the time of its destruction by fire; that they received the policy from one Edmund Bersch, the resident agent of defendant, who was authorized to issue and countersign policies, make contracts of insurance, and collect premiums, and who examined the premises before awarding the policy, and found them unoccupied, but undergoing repairs preparatory to occupation; that, when the repairs were completed, the daughter of plaintiff, her husband, and little girl, occupied the house for about two weeks prior to the fire; that plaintiffs notified the agent who issued the policy of the fire on the day after it occurred, and thereupon defendant's special agent and adjuster came to the city, and, after visiting the scene of the loss, met plaintiff and suggested an appraiser, who was accepted by plaintiff, whereupon the parties entered into a written agreement compromising and settling the loss occasioned by the destruction of plaintiffs' property, after a full examination, at the sum of $565. This written agreement recited that this sum was binding and conclusive upon the parties as to the amount of loss and damage, but that it did not waive formal proofs of loss or any of the conditions of said policy, nor a breach thereof, whether known to the defendant company at the "date of the execution of this agreement, or otherwise." The agreement was signed by the plaintiffs and by the defendant insurance company, and was witnessed by the appraiser. The agent who issued the policy stated that he was fully aware that the building was not occupied, when he made the contract for its insurance; that he knew it was to be occupied as soon as repairs then going on could be completed; that the vacancy clause in the policy referred to abandoned property, and had no

reference to buildings which were being repaired for future occupation; that he was authorized to write such risks as the one taken in this case; that he gave the company due notice of the loss, and that its adjuster, after consulting with him, made the agreement for settling the above stated loss, "and he came back and told me he had settled the loss; I forget the amount; I think it amounted to five hundred and sixty odd dollars; he seemed satisfied in every respect." This witness also testified that, when plaintiffs failed to get their check in sixty days, he advised them to sue. The evidence also disclosed that this witness stated to plaintiffs before and after the expiration of the sixty days following the compromise agreement as follows: "You are all right; you will get your money." The record does not show that the policy contained any limitation of the authority of the contracting agent, other than as he testified. The only provision of the policy set out in the record it to wit:

"In case of loss or damage under this policy, ———— shall give immediate notice thereof in writing to this company; protect the property from further damage, * * * and within sixty days after the loss or damage by fire or lightning, shall render a statement to this company, signed and sworn to by said assured, stating the knowledge of the assured as to the time, origin, and circumstances of the fire, the interest of the insured and all others in the property; the cash value of each item thereof, and the amount of loss thereon; all incumbrances, if any, the title to and incumbrances, if any, on the ground on which the property is situated."

It will be seen that this provision does not impose on anyone the duty of furnishing preliminary proofs, and we can not supply the omission, if any, for the purpose of defeating plaintiff's recovery, if, indeed,

such requirement under the undisputed evidence would not be held to have been waived by the statement of the contracting agent to plaintiff that the loss agreed upon would be paid by the defendant. *McCullum v. Hartford Ins. Co.*, 67 Mo. App. 76.

Neither is there any merit in the position taken in defendant's answer that the policy was avoided, if the building was vacant when it was insured. Such a condition is never enforcible, if the agent authorized to write a policy knows of the vacancy at the time, and, with such knowledge, makes a contract for his principal. Nor is the defendant in a position to raise such a question, for the record fails to show that the policy contained any clause avoiding it on this ground.

The only other error assigned by defendant is the alleged insufficiency of the petition to state ownership of the property at the time of the contract and at the happening of the loss. This must also be ruled against defendant. The petition unqualifiedly alleges ownership of the property in the plaintiffs, which, after verdict, should be held sufficient to allege by intendment ownership both at the date of insurance and date of loss. No demurrer or motion to make more definite was interposed. Mere imperfections in the statement of a cause of action, not amounting to essential omissions, can not be reached by objection to the introduction of testimony, as was attempted in this case. *Lynch v. Railrood*, 111 Mo. *loc. cit.* 604; *McDermott v. Claas*, 104 Mo. 14. The allegations in the present petition are clearly sufficient after verdict to support the judgment, which is, therefore, affirmed. All concur.