O. B. CLEVINGER, Respondent, v. NORTHWESTERN NATIONAL INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, May 3, 1897.

1. **Insurance**: PLEADING: PETITION: INSURABLE INTEREST. If a petition on a policy of insurance fails to allege ownership in the plaintiff at the time of its issue or the time of loss, it is fatally defective; and an allegation that the defendant insured plaintiff on his stock of goods, etc., is not a distinct allegation of an insurable interest.

2. ———: PETITION: ANSWER: ADMISSION. Where a petition on an insurance policy does not allege an insurable interest, the mere omission of the answer to deny such alleged essential fact can not amount to an admission thereof.

*Appeal from the Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

REVERSED AND REMANDED.

*Fyke, Yates & Fyke* for appellant.

(1) The petition in this case fails to state facts sufficient to constitute a cause of action, for the same reason that the one of *Harness v. Ins. Co.*, 62 Mo. App. 245, was declared to be faulty.    It alleges that the company insured "his" stock, etc.    There is no allegation whatever that he (plaintiff) owned the insured property at the time of the fire.    Both allegations are essential. *Scott v. Ins. Co.*, 65 Mo. App. 75.    (2) The allegation that the company insured "his" property is not sufficient, even as an allegation covering the time the policy was issued. *Ins. Co. v. Dunbar*, 26 S. W. Rep. 628; *Lane v. Ins. Co.*, 28 Am. Dec. 151; *Fowler v. Ins. Co.*, 26 N. Y. 422; *Hardwick v. Ins. Co.*, 20 Ins. Law Journal, 751; *Western Assur. Co. v. Korirz*, 46 N. E. Rep. 95.

*Hoss & Scott* for respondent.

(1) By our statutes of jeofails it is expressly provided that no judgment after trial and submission shall be "reversed, impaired or in any way affected, for omitting any allegation or averment, without proving which the triers of the issue ought not to have given such a verdict." R. S. 1889, sec. 2113, subdivs. 8 and 9; *Optical Co. v. Richards*, 62 Mo. App. 408; *Bank v. Leyser*, 116 Mo. 51, 73; *Hamlin v. Carruthers*, 19 Mo. App.

567; *Peck v. Bridwell*, 10 Mo. App. 524; *Sholer v. Van Warner*, 33 Mo. 386; *Berthold v. Ins. Co.*, 2 Mo. App. 311; *Grove v. The City of Kansas*, 75 Mo. 672; *Bowie v. Kansas City*, 51 Mo. 454; *Bank v. Saclzo*, 127 Mo. 164, 188, and appellant's authority, *Lane v. Ins. Co.*, 28 Am. Dec. 151. (2) In the construction of a pleading for the purpose of determining its effect its allegations shall be liberally construed with a view to substantial justice between the parties. R. S. 1889, sec. 2074; *Seckinger v. Mfg. Co.*, 129 Mo. 590, 598. (3) If a demurrer could have been maintained to this petition in the court below, and appellant failed to demur to same, then this judgment can not be reversed by the appellate court. R. S. 1889, sec. 2113, subdiv. 8; 129 Mo. 598.

SMITH, P. J.—This is an action on a fire insurance policy wherein the plaintiff had judgment and the defendant appealed. The question for decision arises on the face of the record proper and is whether the petition states facts sufficient to constitute a cause of action.

It alleges that the defendant by its policy number 563 for a certain premium insured plaintiff against loss by fire "on his stock of goods and fixtures by him kept in his store" at, etc., for one year for $1,000 and that while the said policy was in force the property covered by it was destroyed by fire; that the property so destroyed was of the value of $2,500; that he gave defendant immediate notice of the loss and had performed all the other conditions required by the provisions of said policy; that defendant had refused to pay him the sum due "by reason of his said loss," etc.

PETITION.

It has been declared by both divisions of the court of appeals of this state that if a petition fails to allege the ownership of the goods in the plaintiff either at the

INSURANCE:
  pleading: peti-
  tion: insurable
  interest.

time of the issue of the policy or at the time of the fire that it is fatally defective and will not support the judgment. *Scott v. Ins. Co.*, 65 Mo. App. 75; *Harness v. Ins. Co.*, 62 Mo. App. 245; *Story v. Ins. Co.*, 61 Mo. App. 534. And the only question here is whether the petition, the substance of which has just been stated, is sufficient when tested by this rule.

*Hardwick v. Ins. Co.*, 20 Oregon, 547, was where it was alleged in the petition as here that the defendant insured "his dwelling house" and it was ruled an insufficient allegation of plaintiff's interest. It was there said that the decisions without exception sustain the position that in cases of this kind the complaint must distinctly allege an insurable interest when the policy is taken out and also when the property was damaged by fire, otherwise it does not state a cause of action. The interest of the plaintiff in the property insured is one of the essential facts upon which the right of recovery depends in an action founded on the policy. *Chrisman v. Ins. Co.*, 16 Oregon, 283. *Insurance Co. v. Dunbar* (Texas S. C.), 26 S. W. Rep. 628, was where it was held that the petition which alleged that the appellant insured the appellee for the term of three years against fire in the sum of $1,575 "on his one story frame metal roof building, occupied as a dwelling," etc., did not allege that the appellee had an insurable interest at the time of the insurance; and accordingly the judgment of the lower court, which was for the insured, was reversed. An allegation as to the ownership of the property covered by the policy similar to that here was declared insufficient in *Fowler v. Ins. Co.*, 26 N. Y. 422.

The cases just referred to, together with those we have cited from our own reports, show that the allegation of the plaintiff's petition, namely, that the defend-

ant insured the plaintiff against loss by fire "on his stock of goods and fixtures kept in his store" is not the distinctive allegation of an insurable interest of the plaintiff in the property covered by the policy at the time of the issue and delivery of the same to plaintiff which is required by the rule to which we have already adverted. Nor is there any such allegation of interest in plaintiff at the time of the loss. It is clear that the petition is radically defective in these particulars. It fails to state a cause of action. The petition does not defectively state a cause of action, but according to the adjudications already referred to it states no cause of action at all. The omissions are essential and are not aided by the answer.

Since the petition does not allege an insurable interest either at the time of the issue of the policy or at that of the fire, it is difficult to discover how the mere omission of the answer to deny these two unalleged essential facts can amount, by inevitable implication, to an admission thereof. By no rule of construction, however liberal, with which we are acquainted, are we authorized to interpolate into plaintiff's petition the omitted essential allegations in relation to the plaintiff's insurable interest. None of the provisions of our statute of jeofails can be invoked and applied to help the plaintiff out of the predicament in which his inadvertence has placed him. There is nothing left for us to do but to reverse the judgment and remand the cause with leave to plaintiff to replead. All concur.