GEORGE BONDURANT, Respondent, v. GERMAN
INSURANCE COMPANY OF FREEPORT, ILLINOIS,
Appellant.

St. Louis Court of Appeals, February 1, 1898.

1. **Practice, Appellate**: ABSTRACT: FAILURE TO SHOW BILL OF EX-
CEPTIONS FILED. On a failure of appellant's printed abstract to
show any bill of exceptions filed, the appellate court can not review
any matters of exception on appeal.

2. **Insurance**: OWNERSHIP OF PROPERTY: PETITION: SUFFICIENCY. In
a suit on a policy of insurance, a description in the petition of the
property insured as "on his barn No. 1, and sheds adjoining,"
enumerating the grain in the barn and crib, and alleging the amount
of insurance apportioned to each, was a sufficient allegation, by impli-
cation, of plaintiff's ownership in all the property, after verdict, to
support the judgment.

*Appeal from the Audrain Circuit Court.*—HON. E. M.
HUGHES, Judge.

AFFIRMED.

*Harrison & Harrison* for appellant.

The petition does not state that plaintiff was the
owner of the property insured, either at the time of
the issuance of the policy or at the time of the loss,
and is not sufficient to support the judgment. *Scott v.
Ins. Co.*, 65 Mo. App. 75; *Story v. Ins. Co.*, 61 *Id.*
534; *Harness v. Ins. Co.*, 62 *Id.* 245; *Western Union
Co. v. Dunbar*, 26 S. W. Rep. (Tex.) 628; *Fowler v.
Ins. Co.*, 26 N. Y. 422; 2 May on Ins. [3 Ed.], sec.
590.

It is not necessary to state a specific consideration;
but if one is stated, it must be proved as alleged. The
plaintiff, if he recovers at all, must recover on the

facts as pleaded.  *Grall v. Tower*, 85 Mo. 249, 253;
*Ramsay v. Henderson*, 91 Mo. 560.

*W. W. Fry* for respondent.

The appellant is required to file a printed abstract
of the entire record in the cause in the office of the
clerk of the appellate court.  If not, this court has no
jurisdiction.  R. S. 1889, sec. 2253.

And such abstract must contain a statement of
every matter sought to be raised on appeal, and all
facts showing jurisdiction of an appeal by the court,
with the exception of record entry of the judgment,
and allowance of the appeal, which must be shown by
the clerk's certificate.  *Wesby v. Bowers*, 58 Mo. App.
419, 420; *Mason v. Pennington*, 53 *Id.* 118; *Hohstadt
v. Daggs*, 49 *Id.* 157; *Hanauer v. Bradley*, 64 *Id.* 661.

No bill of exceptions having been filed and no
exceptions saved in this case, there are no issues for
the consideration of the court.  *Havens v. Lawton*, 49
Mo. App. 1; *Carver v. Swan*, 52 *Id.* 646; *Wilson v.
Taylor*, 119 Mo. 626. See, also, *Hunt v. Hunter*, 52 Mo.
App. 263; *Cramer v. Aiken*, 49 *Id.* 163; *Nichols v.
Stevens*, 123 Mo. 96.

The petition states a good cause of action.  But
if it were defectively stated, the petition is good after
judgment.  *Edmonston v. Phillips*, 73 Mo. 59; *Bank v.
Leyser*, 116 Mo. 51; *Murphy v. Ins. Co.*, 70 Mo. App.
78.

BOND, J.—This action is upon a policy of insur-
ance.  It was tried by the court without a jury and
judgment rendered for plaintiff for $1,008.50, from
which defendant appealed to this court under the por-
tion of section 2258, Revised Statutes 1889, permitting
appeals upon certificate of the clerk and accompanying
abstract of the record.  In the case at bar appellant's

printed abstract wholly fails to show that any bill of
exceptions was filed. It is defective in
other respects, but this omission is an
essential one, and deprives us of the
power to review any matters of exception on this
appeal. *Wesby v. Bowers*, 58 Mo. App. 419; *Mason
v. Pennington*, 53 Mo. App. 118; *Hohstadt v. Daggs*, 49
Mo. App. 157. The record proper is, however, here,
and appellant assigns as error the sufficiency of the
petition to state a cause of action in that it does not
allege ownership by plaintiff in the prop-
erty covered by the policy. The petition
is lacking in definiteness on this subject.
A consideration of its language shows, however, that
the allegation of ownership is necessarily implied. It
prefaces a description of the property, to wit, "on his
barn No. 1, and sheds adjoining." It then enumerates
the grain in the barn and crib, and alleges the amount
of insurance apportioned to each. Reading the word
"his" as applicable to the succeeding enumerations, a
necessary implication of allegation of ownership in all
the property arises. This is clearly sufficient after
verdict to support a judgment. *Murphy v. Ins. Co.*,
70 Mo. App. 78, and citations; *Prendergast v. Ins.
Co.*, 67 Mo. App. 426.

No other question being presented for review
under the present record, the judgment will be
affirmed. All concur.