WILLIAM R. JONES, Respondent, v. PHILADELPHIA UNDERWRITERS, ETC., Appellant.

**St. Louis Court of Appeals, January 24, 1899.**

1. **Practice, Trial:** ORAL DEMURRER TO ANY EVIDENCE. Where a petition fails to state a cause of action owing to the omission of an essential averment, which averment is not by fair and reasonable intendment comprehended in the general terms of the petition, an oral demurrer may be made to it at the trial by objecting to the introduction of any evidence. A defectively stated cause of action is good after verdict and can not be taken advantage of on the trial, by objecting to the admission of evidence.

Jones v. Philadelphia Underwriters, Etc.

2. **Pleadings on Valued Policies:** OWNERSHIP. In suits on valued policies, where the pleader has defectively averred ownership of the premises, but used language, which clearly indicated ownership and from which ownership is reasonably inferable, the petition is sufficient after verdict.

3. ————: ————. In the case at bar, the petition avers that plaintiff had an insurable interest in the property as the owner thereof. Held, that plaintiff intended to aver and did inferentially aver his ownership of the property insured.

4. ————: ————: PRESUMPTION. The averment in the petition, in the case at bar, that the policy was issued for a specified amount and for a valuable consideration insuring the premises against loss by fire, taken in connection with the other averments that the property was totally destroyed by fire during the life of the policy, and that notice and proofs of such loss were duly made and furnished the defendant, raises the presumption that the indemnity was due when the suit was brought and substantially states the amount due.

*Appeal from the Montgomery Circuit Court.*—HON. ELLIOTT M. HUGHES, Judge.

AFFIRMED.

W. B. M. COOK for respondent.

The petition is loosely drawn, nevertheless after verdict it is sufficient. The defects complained of by the defendant should have been reached by demurrer, or by appropriate motion; they come too late after verdict. Where the facts necessary to constitute a cause of action can be inferred from the allegations in the petition taken as a whole, the petition after verdict will support a judgment, though informally and loosely drawn. Bondurant v. Ins. Co., 73 Mo. App. 477; Murphy v. Ins. Co., 70 Mo. App. 78; Duff v. Fire Ass'n, 129 Mo. 460; Pendergrast v. Ins. Co., 67 Mo. App. 426; Berthold v. Ins. Co., 2 Mo. App. 311. Where a cause of action is imperfectly stated in the petition, it will be presumed after verdict that all essential facts were established by testimony. Berthold v. Ins. Co., 2 Mo. App. 311.

When a cause has been tried and judgment rendered, judgment thereon will not be reversed for the want of any allegation or averment on account of which a demurrer could have been maintained, or omitting any averment without proof of which the triers of the issue ought not to have found such verdict.    Sec. 2113, R. S. 1889, clauses 8 and 9 ; Murphy v. Ins. Co., 70 Mo. App. 78 ; Duff v. Fire Ass'n, 129 Mo. 460 ; Salmon Falls Bank v. Layser, 116 Mo. 51. Where a legal liability arises and a promise is implied, a failure to allege a promise is immaterial after verdict. Insurance is a contract of indemnity ; the petition shows the making of the contract, the loss and maturity of the claim, the implied promise is sufficient.   The averments of this petition are sufficient to show an agreement on the part of the defendant to pay plaintiff.   A failure to allege promise is cured by verdict.   Railroad v. Kimmel, 58 Mo. 85 ; Saulsbury v. Alexander, 50 Mo. 142 ; Greele v. Loxen, 7 Mo. App. 97.   After verdict the allegation of ownership in petition is amply sufficient.   The allegation is awkwardly worded, but its meaning can not be misunderstood.   Bondurant v. Ins. Co., 73 Mo. App. 497.   The maturity of plaintiff's claim is amply stated in the petition.   There was no necessity to plead value, as the policy was within the valued policy law. Conditions controlling or delaying the maturity of claims can not be presumed after verdict.   R. S. 1889, sec. 5897. From the record as a whole it is evident that no error was committed against appellant materially affecting the merits of the action.   R. S. 1889, sec. 2303 ; State v. Scott, 104 Mo. 26 ; Goins v. Railroad, 47 Mo. App. 173 ; Crouch v. Hance, 62 Mo. App. 26.

FYKE, YATES & FYKE for appellants.

There is no averment of an agreement on the part of defendant to pay plaintiff any money absolutely or upon condition, nor are any conditions of the contract, if such

there be, as would enable the court to discover a promise to pay, set out or referred to.    The allegation that "defendants insured plaintiff" is not an equivalent to an allegation of a promise to pay. · Lantz v. King, 93 Mo. 513; Lach v. Murphy, 45 Mo. App. 519; Pier v. Heinrichoffen, 52 Mo. 333; Scott v. Robords, 67 Mo. 289; State ex rel. v. Bacon, 24 Mo. App. 403; Sappington v. Ins. Co., 72 Mo. App. 74. The petition does not allege that the property insured or destroyed was the property of plaintiff, simply stating that "at all times mentioned therein plaintiff had an interest in all of the property insured, as the owner thereof."    Plaintiff's ownership is insufficiently stated, and will not support a judgment.    Sappington v. Ins. Co., 72 Mo. App. 74; Wright v. Ins. Co., 1 Mo. App. Rep. 52. It is not shown by the petition that the amount for which this suit was brought was due at the time suit was brought, nor does the petition set out the conditions upon which it would become due, nor any provisions of the contract by which the court might be able to say whether or not there had been such a performance of same on plaintiff's part as would entitle him to maintain this action. Wright v. Ins. Co., 1 Mo. App. Rep. 52; Brown v. Shock, 27 Mo. App. 351; Shears v. Bond, 79 Mo. 468; Williams v. Knighton, 1 Ore. 234.    "Every substantive fact which plaintiff must prove to maintain his action must be alleged," and "where a pleading is silent or ambiguous it must be taken most strongly against the pleader," is the well settled holding of all courts.    *    *    *

BLAND, P. J.—The material portions of the petition are as follows:

"Plaintiff, for his cause of action says that the defendant, The Fire Association of Philadelphia, was at the time of the grievances hereinafter mentioned, and for a period of more than five years immediately prior thereto, a corporation organized and existing under and by virtue of the

laws of the state of Pennsylvania, and conducting a general fire insurance business. And plaintiff says further that at the time of the grievances hereinafter mentioned and for a period of more than five years immediately prior thereto, the defendant, The Insurance Company of North America, was a corporation duly organized and existing under and by virtue of the laws of the state of Pennsylvania, and conducting a general fire insurance business. Plaintiff says further that both of said companies were duly authorized in the year 1896 to transact in the state of Missouri a general fire insurance business. Plaintiff says further that said fire insurance companies in the conduct of their business of fire insurance in the state of Missouri, formed a combination or pool by which they united their business interests in the matter of fire insurance, issuing to the various parties insured by them a joint policy under the name of The Philadelphia Underwriters. Plaintiff for his cause of action against the defendants, says further that the said defendants, having so combined under the name of The Philadelphia Underwriters, on or about the first day of September, 1896, issued and delivered to the plaintiff their joint policy of insurance, dated the first day of September, 1896, whereby in consideration of the payment by plaintiff to the defendants of a premium of nine and ninety one-hundredths dollars, defendants insured plaintiff against loss or damage by fire to the the amount of five hundred and twenty-five dollars upon his dwelling house situated in the city of Montgomery, Montgomery county, Missouri, and to the amount of fifty dollars on his private barn situate on the same premises as the above dwelling house, and to the amount of twenty dollars on his smoke house, for a term of three years from noon on the first day of September, 1896, to noon on the first day of September, 1899. Said policy is herewith filed and made a part of this petition and marked "Exhibit A." Plaintiff says that at the time of the issuing of said policy and at all times from said date to the occurrence of the

fire hereinafter mentioned, plaintiff had an interest in all of the property insured, as the owner thereof, to an amount in each case exceeding the amount of insurance above shown on the house and the barn and the smoke house, respectively. Plaintiff says further that on the twentieth day of March, A. D. 1897, at or about the hour of seven o'clock, p. m., and while said policy was in force, the said dwelling house was totally destroyed by fire and the said smoke house building greatly damaged, thereby causing a loss to the plaintiff on the dwelling house of more than five hundred and twenty-five dollars, and thereby causing to the plaintiff a loss as to the smoke house of five dollars, creating a total claim under the policy in favor of the plaintiff against the defendants to the amount of five hundred and thirty dollars. Plaintiff says further that he has duly performed all of the conditions required of him by the terms of said policy, and that he has faithfully fulfilled all of the requirements of said policy relative to notice and proof of loss. He says that immediately after the fire he caused notice of his loss to be given to the defendants and that within sixty days after said loss, and more than sixty days prior to the commencement of this action, to wit, on the third of May, 1897, he gave to the defendants full proofs of the fire and of the loss aforesaid, as required by the terms of the policy and demanded payment of the amount of the loss due him within the terms of the policy, to wit: for the total destruction of the dwelling house by fire, the sum of five hundred and twenty-five dollars, and for the damage to the smoke house the sum of five dollars, a total sum of five hundred and thirty dollars. But plaintiff says further that the defendants have failed and refused, and still fail and refuse to pay to the plaintiff the amount of his said claim under said policy on account of his said loss by fire. Plaintiff says further that such refusal to pay his claim under said policy growing out of said fire by the defendants is vexatious, unreasonable and unlawful; and plaintiff therefore

prays that special damages under the provisions of section
5927 to the amount of ten per cent of the amount of his loss
be awarded to him. Therefore plaintiff prays judgment
against the defendants for the amount of his claim under said
policy, to wit: the sum of five hundred and thirty dollars, and
for the amount of his special damages on account of the vex-
atious refusal of the defendants to pay his claim, to wit: the
sum of fifty-three dollars, making a total sum of five hundred
and eighty-three dollars, together with six per cent interest
thereon from the maturity of his claim, to wit: from a period
of sixty days after he furnished to the defendants proof of
loss, to wit, from third day of July, 1897."

The answer was a general denial. The issues were sub-
mitted to the court sitting as a jury. Defendant objected
to the introduction of any evidence, on the ground that the
petition failed to state any cause of action; this objection was
overruled. The evidence was heard, at the conclusion of
which the court found the issues for plaintiff and rendered
judgment in his favor for the amount sued for, with ten per
cent penalty and six per cent interest on the amount due on
the policy from date of maturity of claim. After unavailing
motions for new trial and in arrest of judgment, defendant
appealed.

The following points are urged in this court for a re-
versal of the judgment:

1. That there is an absolute failure in the petition to
allege any promise or agreement on the part of defendant
to pay plaintiff any sum at any time, absolutely, upon con-
dition, or otherwise. The allegation in the petition being
that in consideration of the payment by plaintiff to defend-
ants of $——, defendants insured plaintiff against loss or
damage by fire to the amount of $525 upon his dwelling
house, situated in the city of Montgomery, Montgomery
county, Missouri * * * and to the amount of $20 on his
smoke house. * * * There is no averment of an agreement

on the part of defendant to pay plaintiff any money absolutely or upon condition, nor are any conditions of the contract, if such there be, as would enable the court to discover a promise to pay, set out or referred to.

The allegation that "defendants insured plaintiff" is not an equivalent to an allegation of a promise to pay.

2. That the petition does not allege that the property insured or destroyed was the property of plaintiff, simply stating that "at all times mentioned therein plaintiff had an interest in all of the property insured, as the owner thereof."

Plaintiff's ownership is insufficiently stated, and will not support a judgment.

3. That it is not shown by the petition that the amount for which this suit was brought was due at the time suit was brought, nor does the petition set out the conditions upon which it would become due, nor any provisions of the contract by which the court might be able to say whether or not there had been such a performance of same on plaintiff's part as would entitle him to maintain this action.

It has been ruled by the supreme court in Young v. Shickle H. & H. Iron Co., 103 Mo. 324, by the Kansas City Court of Appeals in Murphy v. Ins. Co., 70 Mo. App. 78, and by this court in Hatten v. Randall, 48 Mo. App. 203, that where a petition fails to state a cause of action owing to the omission of an essential averment, which averment is not by fair and reasonable intendment comprehended in the general terms of the petition, an oral demurrer may be made to it at the trial by objecting to the introduction of any evidence. But such a demurrer does not take the place of a formal demurrer by pleading, and is only available when the petition wholly fails by averment or reasonable intendment to state a cause of action. A defectively stated cause of action is good after verdict, and can not be taken advantage of on the trial by objecting to the admission of evidence. Lynch v. Railroad, 111 Mo. loc. cit. 604; State v. Rush, 77 Mo. 586;

McDermott v. Claas, 104 Mo. 14; Bank v. Leyser, 116 Mo. 51; Edmonson v. Phillips, 73 Mo. 59; Murphy v. Ins. Co., and Hatten v. Randell, *supra*. In suits on policies insuring personal goods against loss by fire, it has been repeatedly held by this court and by the Kansas City Court of Appeals that a petition which fails to aver the ownership of the goods, both at the date of the insurance and of their loss, and the value of the goods, is fatally defective. Sappington v. Ins. Co., 72 Mo. App 75; Green v. Ins. Co., 69 Mo. App. 429; Coleman v. Ins. Co., 69 Mo. App. 566; Scott & Son v. Ins. Co., 65 Mo. App. 76; Harness v. Nat. Fire Ins. Co., 62 Mo. App. 245; Story v. Am. Central Ins. Co., 61 Mo. App. 535; Clevinger v. Ins. Co., 71 Mo. App. 73. In suits on valued policies, where the pleader has defectively averred ownership of the premises, but used language which clearly indicated ownership and from which ownership is reasonably inferable, the petition has been held sufficient to support a judgment after verdict in the following cases: Bondurant v. German Ins. Co., 73 Mo. App. 477; Prendergrast v. Ins. Co., 67 Mo. App. 426; Murphy v. Ins. Co., *supra*. The petition in the case at bar avers that plaintiff "had an insurable interest in the property as the owner thereof." It is clearly inferable from this aver- ment that plaintiff intended to aver and did inferentially aver his ownership of the property insured. In our opinion it was not necessary to aver the value of the property; section 5897 is necessarily referred in the contract of insurance. Ha- vens v. Fire Ins. Co., 123 Mo. loc. cit. 417, and citations. The statute, to use the language of Judge Gantt in the above case, "moulds the obligation of the contract into conformity with its provisions and establishes the rule and measure of the in- surer's liability." The value of the property was conclusively fixed by the contract of insurance, and the averment of the amount for which it was insured was all that was necessary, for this was all, on the question of value, the plaintiff was re- quired to prove.

The third point that the petition does not aver the amount for which suit was brought on the conditions upon which it would become due, is not good after verdict. Insurance is defined to be a "contract to pay money to another upon the occurrence of a specified event, by way of indemnity for his loss." Abbott's Law Dictionary. The averment in the petition that the policy was issued for a specified amount and for a valuable consideration insuring the premises against loss by fire, taken in connection with the other averments that the property was totally destroyed by fire during the life of the policy, and that notice and proofs of such loss were duly made and furnished the defendant, raises the presumption that the indemnity was due when the suit was brought, and substantially states the amount due. 1 Rice on Evidence, p. 16; Smith v. Western Tel. Co., 57 Mo. App. 259. The averments of the petition and the inferences comprehended and included therein, are in our opinion sufficient to support the judgment after verdict, and the judgment is affirmed. All concur.

---

| 78 | 305 |
|----|-----|
| s85 | 668 |
| 78 | 305 |
| 95 | ²211 |

