RODGERS v. WESTERN HOME TOWN MUTUAL FIRE INSURANCE COMPANY, Appellant.

Division One, February 15, 1905.

1. **APPELLATE JURISDICTION: Courts of Appeals: Conflict in Decisions.** Where one of the courts of appeals has unanimously rendered an opinion which it deems in conflict with a prior decision of the other court of appeals, the case should be certified to the Supreme Court in order that there may be uniformity in the adjudicated law of the State.

2. **PLEADING: Cause of Action: Demurrer: Sufficiency After Verdict.** The test by which to determine the sufficiency of a petition after verdict is, whether a general demurrer thereto would lie. A petition must state all the facts which it would be necessary for the plaintiff to prove in order to make out a prima facie case. A general demurrer admits the facts properly pleaded in the petition; it does not reach an imperfectly stated fact, but goes only to a total omission to plead a necessary fact.

Rodgers v. Fire Insurance Co.

3. ———: ———: ———: **Sufficiency.** Any English words that state the facts necessary to constitute the cause of action with sufficient clearness to convey to a person of average intelligence and education an understanding of the facts relied on, are sufficient to constitute a good pleading.

4. ———: ———: ———: ———: **Insurance: Ownership.** It is necessary for plaintiff who sues on a fire insurance policy to state in his petition that he had an insurable interest in the property at the time the policy was issued and at the time of the loss, except where the property has been sold and the policy transferred to the purchaser with the consent of the insurer in which event such facts must be stated.

5. ———: ———: ———: ———: ———: ———: **This Case.** The policy described the property insured as follows: "$500 as follows: $200 on his one and one-half shingle roof frame dwelling . . . $150 on his household and kitchen furniture while contained therein." And the petition described the property in the same words. *Held,* that the word "his" alleged that the plaintiff was the owner, and is a sufficient averment of ownership to support a judgment after verdict. The averment contains a clear understanding to the mind of a person of average intelligence and education that the property insured, burned and sought to be compensated for was the property of the plaintiff—as much so as would an averment that the plaintiff was the owner of the property at the date of the issuance of the policy and at the time of the fire. (Disapproving Clevinger v. Ins. Co., 71 Mo. App. 73, and Story v. Ins. Co., 61 Mo. App. 534.)

6. ———: ———: **Demurrer: Answering Over.** Answering over, after demurrer filed and overruled and exceptions saved, debars appellant from the right to question the sufficiency of a petition in which the cause of action is imperfectly stated. A reference in the motion for a new trial of the error in overruling the demurrer does not destroy the effect of the waiver implied in answering over.

Transferred from St. Louis Court of Appeals.

AFFIRMED.

*Milton & Goodwin* and *James O. Livesay* for appellant.

There was no case made out against appellant because the petition fails to allege ownership in the property at the time of the issuance of the policy, and fails to plead ownership at the time of the fire. Be-

fore plaintiff can recover at all he must show owner-ship at the time of the issuance of the policy. Story v. Ins. Co., 61 Mo. App. 534; Harness v. Ins. Co., 62 Mo. App. 245; Clevinger v. Ins. Co., 71 Mo. App. 73; Wolf v. Ins. Co., 75 Mo. App. 306.

*John F. Black* for respondent.

(1) The petition was sufficient, the evidence sus-taining the allegations of the petition, the insurance policy being part thereof. (2) If defendant relied on its demurrer, it should have refused to plead. Grove v. Kansas City, 75 Mo. 672; Hurst v. Ash Grove, 96 Mo. 168; Johnson v. Railroad, 96 Mo. 340; Buck v. Rail-road, 46 Mo. App. 555.

MARSHALL, J.—This is an action on a five hun-dred dollar fire insurance policy to recover two hun-dred dollars for the loss of a certain frame house, one hundred and fifty dollars for the household and kitchen furniture therein, with ten per cent thereon for vex-atious delay, and fifty dollars attorney's fee, as pro-vided by section 8012, Revised Statutes 1899. The plaintiff recovered a judgment in the circuit court for three hundred and ninety dollars and twenty-five cents, being two hundred dollars for the house, one hundred and thirty-five dollars and twenty-five cents for the furniture, thirty dollars damages for vexatious delay, and twenty-five dollars attorney's fee. The defend-ant appealed to the St. Louis Court of Appeals, where the judgment was affirmed, but that court certified the case to this court, because it was of opinion that its opinion was in conflict with the opinion of the Kansas City Court of Appeals, in the case of Clevinger v. Ins. Co., 71 Mo. App. 73.

I.

Section 6 of the amendment of 1884 to article 6 of the Constitution provides that: "When any one of said

courts of appeals shall in any cause or proceeding
render a decision which any one of the judges therein
sitting shall deem contrary to any previous decision
of any one of said courts of appeals, or of the Su-
preme Court, the said court of appeals must, of its
own motion, pending the same term and not afterward,
certify and transfer said cause or proceeding and the
original transcript therein to the Supreme Court, and
thereupon the Supreme Court must rehear and determ-
ine said cause or proceeding, as in case of jurisdiction
obtained by ordinary appellate process; and the last
previous ruling of the Supreme Court on any question
of law or equity shall, in all cases, be controlling au-
thority in said courts of appeals.''

The purpose of this provision is to secure uni-
formity in the decisions in the several courts of ap-
peals, and to require the courts of appeals to conform
their decisions to the decisions of the Supreme Court,
to the end that there may be one, certain and uniform
rule of judicial law in all parts of the State.

It will be observed that the letter of the Constitu-
tion provides for the court of appeals certifying the
cause to this court only where a member of such
court of appeals shall deem the decision of that court.
to be contrary to a previous decision of any one of said
courts of appeals or of the Supreme Court, and that
the letter of the provision does not provide for such
certification where the whole court of appeals, or even
a majority thereof, so regard the decision of
such court. It has accordingly been held, for
instance, that where such court of appeals deems its
decision to be contrary to a decision of this court, no
power to certify the cause to this court exists, but that
it is the duty of such court of appeals to correct its
own decision so as to make it conform to the decisions
of this court. [Bank v. Woesten, 144 Mo. 407;
Schafer v. Railroad, 144 Mo. 170.]

It has also been held that the fact that a decision

of one of such courts of appeals is in conflict with a previous decision of the same court, was no reason for certifying the cause to this court, for in such case the court of appeals had the power to overrule its previous decision. [Wilden v. McAllister, 178 Mo. 732.]

But these cases do not cover the point here involved, for in this case the St. Louis Court of Appeals has rendered a decision which it deems to be in conflict with a previous decision of the Kansas City Court of Appeals, as it plainly is, and as neither of said courts of appeals has the power to make the other conform its decisions to the previous decisions of the other, the purpose of the constitutional provision quoted would be frustrated in the different jurisdictions of said courts of appeals, unless the cause can be certified to this court for final determination. The certification of such a case by a court of appeals, under such circumstances, is therefore clearly within the purpose and spirit of the Constitution, and jurisdiction thereof will be retained by this court.

## II.

The policy sued on is for five hundred dollars; is dated December 1, 1899, and is for a term of three years, and the loss is payable to the plaintiff. It describes the property insured as follows: "$500 as follows: $200 on his 1 1-2 shingle roof frame dwelling size 16x18-12x15. $150 on his household and kitchen furniture while contained therein. $50 on shingle roof frame and log barn No. 1, 16x32; and $50 grain therein and hay. $50 on farming implements. All situated in section —— township —— range —— county of Howell, State of Missouri."

The petition follows the language of the policy in describing the property, and contains no other allegation of ownership of the property insured than that employed in the policy. The defendant demurred to the petition, alleging, *inter alia*, as ground therefor,

that the petition "does not show that plaintiff was the owner of said property." The trial court overruled the demurrer, and the defendant saved an exception to the ruling. But the defendant did not stand on its demurrer. On the contrary, it filed an answer, which is a general denial. The case was then tried upon its merits by the court, a jury being waived. The plaintiff, without any objection by the defendant, introduced testimony tending to prove that he was the owner of the property at the date of the policy, and of the loss; that a part of it was destroyed by fire, without any fault or negligence on his part, and the refusal of the defendant to pay. At the close of the plaintiff's case, the defendant demurred to the evidence. The defendant offered no evidence whatever. The trial court entered judgment for the plaintiff. The defendant filed a motion for a new trial, alleging, as grounds therefor, that the court erred in the following respects: 1. In permitting the introduction of plaintiff's testimony in the cause. 2. In permitting plaintiff to introduce testimony tending to show damage. 3. In not sustaining defendant's demurrer to plaintiff's petition. 4. In not sustaining defendant's demurrer to plaintiff's testimony. 5. In granting judgment for damages and attorney's fees. No motion in arrest was filed, nor was there any objection, *ore tenus,* to the introduction of any evidence by the plaintiff in support of the petition. The only objection of the defendant during the trial to any evidence that was offered by the plaintiff, which was not sustained by the court, was to certain letters of the attorneys of the defendant to the plaintiff's attorney, in regard to proofs of loss, and such objections went only to the authority of the defendant's attorneys to waive proofs of loss, and an inspection of the record clearly shows that there was no error in the ruling of the trial court in that regard.

In the St. Louis Court of Appeals and in this

court, counsel for defendant, while claiming generally that there are other errors in the record which are not specified or argued, rest their contention solely upon the ground that the petition is not sufficient to support the judgment, because, they say, there is no distinct and specific averment therein that the plaintiff was the owner of the property insured at the date of the issuance of the policy and of the loss.

The St. Louis Court of Appeals treated the point as properly in the case, and held that the language employed in the policy and in the petition in speaking of the property as "*his* one and a half shingle roof, frame dwelling," "his household and kitchen furniture while contained therein," was a sufficient averment, after judgment, of ownership. But that court said that there was a conflict between its holding in that regard, and its decision in Bondurant v. Ins. Co., 73 Mo. App. 477, and the decisions of the Kansas City Court of Appeals in Clevinger v. Ins. Co., 71 Mo. App. 73, and in Story v. Ins. Co., 61 Mo. App. 534, and so certified the cause to this court to settle the law.

In Clevinger v. Ins. Co., supra, the Kansas City Court of Appeals held that an allegation in the petition that the defendant insured the plaintiff on his stock of goods, was not a distinct allegation of insurable interest and hence was not sufficient to support a judgment after verdict.

In Story v. Ins. Co., supra, the Kansas City Court of Appeals held insufficient, after judgment, a petition which alleged, "that before the loss, plaintiff Story sold one undivided half of the property to plaintiff Wallace with the consent of the defendant, and that with like consent he assigned one undivided half in said policy to plaintiff Wallace." The petition also contained the further averment: "Plaintiffs say and charge that they afterwards so owned and conducted the business at the same place as a livery and

feed stable, and were so owning and conducting it at the time of the fire hereinafter stated.''

On the other hand, the St. Louis Court of Appeals held, in Bondurant v. Ins. Co., 73 Mo. App. 477, that ''in a suit on a policy of insurance, a description in the petition of the property insured as 'on his barn No. 1, and sheds adjoining,' enumerating the grain in the barn and crib, and alleging the amount of insurance apportioned to each, was a sufficient allegation, by implication, of plaintiff's ownership in all the property, after verdict, to support the judgment.''

And the decision of the St. Louis Court of Appeals in this case is to like effect.

It is manifest, therefore, that there is a radical conflict of decision between the two courts of appeals, upon the question here involved, and that it is the duty of this court to settle the law upon this subject and to establish an uniform rule throughout the whole State.

The test by which to determine the sufficiency of a petition after verdict, is whether a general demurrer thereto would lie. Or otherwise stated: A general demurrer admits the facts properly pleaded in the petition. A petition must state all the facts which it would be necessary for the plaintiff to prove in order to make out a prima facie case. A general demurrer does not reach an imperfectly stated fact, but goes only to a total omission to plead a fact that is necessary to entitle a plaintiff to a judgment. There is no set formula in this State to be employed for stating a cause of action. The statute requires a clear and concise statement of the facts. Any English words which state the facts sufficient for the comprehension of a person of average intelligence and education are sufficient. Carrying into effect the plain purpose of the statutes, this court has always held that if the words employed clearly, or by necessary intendment, convey an understanding of the facts relied on, the plea is

good. And this is especially true when the attack is made upon it, by a general demurrer before judgment, or by a motion in arrest after the verdict. [Bank v. Leyser, 116 Mo. 51; Bank v. Scalzo, 127 Mo. l. c. 189; Gustin v. Ins. Co., 164 Mo. l. c. 177.]

In a suit upon a fire policy it is necessary to aver an insurable interest in the property insured, at the date of the issuance of the policy and also at the date of the loss, except where the property has been sold and the policy transferred to the purchaser, with the consent of the insurer, in the interim, in which event, such facts must be stated.

Now in the case at bar the petition alleges that the defendant issued the policy to the plaintiff, whereby it insured him against loss by damage by fire, or lightning, in the sum of five hundred dollars as follows: "$200 on *his* one and a half shingle roof, frame dwelling, . . . $150 on *his* household and kitchen furniture contained therein," etc., which is all the property sought to be recovered for in this action.

This allegation conveys as clear an understanding to the mind of a person of average intelligence and education that the property insured, burned and sought to be compensated for, was the property of the plaintiff, as would an averment that the plaintiff was the owner of the property at the date of the issuance of the policy. And the further averments of the petition convey the same understanding as to ownership at the date of the fire. The criticisms levelled at the petition are hypercritical and untenable.

From the foregoing it follows that the decision of the St. Louis Court of Appeals, in this regard, in this case, and in the case of Bondurant v. Ins. Co., 73 Mo. App. 477, correctly state the law, and that those of the Kansas City Court of Appeals in Clevinger v. Ins. Co., 71 Mo. App. 73, and Story v. Ins. Co., 61 Mo. App. 534, are not to be regarded as the law hereafter in this State.

### III.

The defendant seems to think that it is in a position to question the sufficiency of the petition in this case, because it demurred to the petition, and after its demurrer was overruled it saved an exception, and then in its motion for a new trial it claimed that the trial court had erred in overruling the demurrer. In this, however, the defendant is in error. For by answering over after its demurrer was overruled, it waived its demurrer, and having done so, it could not give any force or vitality thereto by referring thereto in its motion for a new trial. [Grove v. Kansas City, 75 Mo. 672; Hurst v. City of Ash Grove, 96 Mo. 168; Bank v. Leyser, 116 Mo. 51; Bank v. Scalzo, 127 Mo. 164.]

A motion for a new trial cannot reach the sufficiency of a pleading. That is the office and function of a motion in arrest of judgment, and there was no such motion filed in this case.

The plaintiff made out a prima facie case, the defendant introduced no testimony whatever, the judgment is for the right party, and there is no error in the proceedings. The judgment of the circuit court is therefore affirmed.

All concur.