THE STATE ex rel. PHILLIPS et al., Plaintiffs in Error, v. RUSH.

Pleading Execution of Bond. A petition alleged that the defendants "by their certain writing obligatory     *     * sealed with their seals, became bound unto     *     * in the sum of     * * for the just payment of which they bound themselves." Held, that it sufficiently averred the execution of the bond by defendants.

Error to Marion Circuit Court.—HON. JOHN T. REDD, Judge.

REVERSED.

H. J. Drummond, James L. Hart and Belch & Silver for plaintiffs in error.

McCabe, Anderson & Boulware for defendants in error.

HOUGH, C. J.—This is a suit on an executor's bond. The only allegation in the petition as to the execution of the bond, is that the defendants "by their certain writing obligatory,     *     * sealed with their seals, became bound unto the State of Missouri in the penal sum of $30,000, for the just payment of which they bound themselves, their heirs," etc. The circuit court sustained a demurrer to the petition for the reason that the foregoing allegation did not amount to an averment that the defend-

ants, or either of them, executed the writing obligatory therein mentioned; and the plaintiff declining to amend, final judgment was rendered on said demurrer for the defendants. The statement that the defendants became bound unto the State of Missouri in the sum of $30,000 by their certain writing obligatory, standing alone, might be regarded as a conclusion of law, and, therefore, insufficient; put the accompanying allegation that the defendants bound themselves to pay said sum, is clearly the averment of an issuable fact. Taking the allegation as a whole, it is tantamount to an averment that the defendants by their certain writing obligatory, sealed with their seals, bound themselves to pay to the State of Missouri the sum of $30,000, which we think is a sufficient averment of the execution of the bond by the defendants. Bliss on Code Plead., §§ 144, 210, 213.

The judgment will, therefore, be reversed and the cause remanded. The other judges concur.