Harvey v. Slater.

E. D. HARVEY,   Administrator,   Etc.,   Respondent,   v.
JAMES G. SLATER, Appellant.

### Kansas City Court of Appeals, May 3, 1897.

1. **Instructions**: JURISDICTION: ISSUES.  Instructions in this case are unobjected to and fairly present the issues to the jury and their criticism results from a misapprehension of the issues.

2. **Defense**: SETTLEMENT: EVIDENCE: INSTRUCTION.  The issue made by the answer and reply in this case was whether a release was executed and there was abundant evidence to sustain the verdict, and instructions assuming the binding character of the release are properly refused.

*Appeal from the Linn Circuit Court.*—HON. W. W.
RUCKER, Judge.

AFFIRMED.

*E. R. Stephens* for appellant.

(1) The receipt and release of Betsy Morris set up in defendant's answer was a complete bar to this action. Said receipt and release were given on the twenty-seventh day of February, 1894, in full of all demands that she had against the defendant.   Suit was brought on the twenty-fourth day of February, 1894, although said receipt and release were given after the suit was instituted, yet it was a good defense by way of plea *"puis darrien continuance,"* and there is no authority of law for going behind it, as the pleading or reply did not set up any allegation of fraud, imposition, or mistake in the obtainance of the same, consequently

no inquiry could be made as to the folly or wisdom in giving said receipt and release. *Wade & Osborne v. Emmerson & Goldsbery*, 17 Mo. 267. (2) Defendant's instructions 3 and 4, as modified and given by the court, were clearly wrong, as they submitted the issue of fraud or imposition in the procurement of the receipt and release executed to the defendant by Betsy Morris, when said issue was not presented by plaintiff's pleading or reply. Said instructions should have been given as asked by the defendant. *Mfg. Co. v. School District*, 54 Mo. App. 372; *Madison & Co. v. Mining Co.*, 65 Mo. App. 564. (3) It was error to permit Louis Morris and J. W. Lane to testify on behalf of plaintiff respecting the execution of the receipt and release of Betsy Morris over defendant's objections. Also error was committed by the court in refusing to strike out said testimony of said Morris and Lane on motion of defendant, as the same was illegal, and there was no pleading on the part of plaintiff to ground such proof. *George v. R'y*, 40 Mo. App. 434, and other authorities cited, *infra*. (4) Plaintiff's instructions 1, 2, and 3, given by the court, were manifestly wrong, and should have been refused, as they did not conform to the pleadings, and authorized an inquiry and finding as to the execution of the receipt and release of Betsy Morris to the defendant, which was outside of and beyond the scope of the pleadings. *George v. R'y*, 40 Mo. App. 434; *Merrett v. Poulter*, 96 Mo. 240, 241; *Mfg. Co. v. The School District*, 54 Mo. App. 372; *Bender v. Dungan*, 99 Mo. 131.

*A. W. Mullins* for respondent.

(1) The allegations in the defendant's answer that Betsy Morris had executed a release to defendant (three days after the action was instituted and sum-

mons served), was directly put in issue. And on that issue evidence was introduced by defendant and by plaintiff. And that question of fact was submitted to the jury on instructions given by the court for each party, and in terms so plain, clear and explicit that the jury could not have misunderstood them. Having alleged the execution of a release, the burden of proof was on defendant to prove its execution, and it was certainly competent for the plaintiff to contradict defendant's evidence, and to show that it was not true and could not be true, as was done by the plaintiff's evidence. (2) The court did not err in modifying the defendant's instructions 3 and 4. What is said in the preceding paragraph is a sufficient answer to the contention of the defendant's counsel in that regard. (3) The defendant having in his answer set up that Betsy Morris, plaintiff's intestate, had, after the action was instituted, given defendant a full receipt and release, and such allegation being put in issue by the replication, defendant sought to prove the execution of the paper by the witness J. P. Waters, and in rebuttal plaintiff introduced Louis Morris and Dr. Lane. This was certainly proper. (4) Complaint in the brief of counsel for the defendant is made to the action of the court in giving instructions for plaintiff numbered 1, 2 and 3. But those instructions presented the issues to the jury properly and correctly, and were they open to review here no error would appear. It does not appear from appellant's abstract that defendant objected to plaintiff's instructions or that he excepted to the action of the court in giving them at the time. And appellant can obtain relief only on the grounds of error, made to appear from the abstract of the record furnished by him. *Cuomo v. City of St. Joseph*, 24 Mo. App. 567; *Bank v. Davidson*, 40 Mo. App. 421; *Goodson v. R'y*, 23 Mo. App. 76; *Bank v. Wheat*, 58

Mo. App. 11; *Craig v. Scudder*, 98 Mo. 664. It is too late to make objections to the giving or the refusal to give instructions for the first time in the motion for a new trial. *Bank v. Wheat*, 58 Mo. 11; *State v. Elkins*, 101 Mo. 344, 352; *State v. McDonald*, 85 Mo. 539, 543.

GILL, J.—This is a suit by Betsy Morris, an old negro woman, and instituted a short time before her death, the object of which was to recover an alleged balance for services performed for the defendant, Slater. The petition was filed and summons served on February 24, 1894. Shortly thereafter (August, 1894) the plaintiff died and the cause was revived in the name of Harvey, her administrator. On a trial by jury there was a verdict and judgment in plaintiff's favor for $650 and defendant appealed.

STATEMENT. In October, 1871, defendant, then a widower with several small children residing on his farm near Linneus, employed Betsy Morris to come to his farm to do the general housework and also outdoor work. Betsy seems to have been a faithful, industrious servant, and continued at defendant's farm until January, 1894, when, because of failing health, she left the defendant and went to live with her brother at Linneus. She was there stricken with paralysis and as already stated died in the following August. She made claim for services from October, 1871, to October, 1891, only, conceding that for the remainder of the time, from October, 1891, to January, 1894, her services, owing to her ailments, were worth no more than her board, etc.

There was evidence tending to prove that Slater was to pay Betsy $2 per week while engaged in housework and $2.50 a week for outdoor labor, she contending that she was engaged about two thirds of the time

in outdoor labor. There was also testimony on defendant's part that for a good portion of the twenty years Betsy was engaged at defendant's farm she expected no wages and that she had been paid all she was entitled to. The answer also pleaded that on February 27, 1894, three days after suit was brought, the defendant settled with Betsy and took a receipt from her for all demands. By his reply the administrator denied any such settlement and denied that Betsy signed the alleged receipt. At the trial defendant introduced some testimony tending to prove such settlement and that the receipt was executed by Betsy, and on the other hand plaintiff produced evidence contradicting this.

I. An examination of this record, together with the briefs of counsel, discloses no substantial reason for disturbing the judgment. As to the instructions, those given at plaintiff's request were not objected to at the time—at all events the abstract fails to so show. Besides they fairly presented the issues to the jury and no fault can be found in them. The objections relating to the court's modification of defendant's instructions numbered 1, 3 and 4 are entirely without merit. In answer to points of defendant's brief, suggesting that the court, by such modifications, injected into the case matters not contained in the pleadings, it is sufficient to say that counsel have misapprehended the issues made by the parties.

INSTRUCTIONS: jurisdiction: issues.

II. In relation to the matter of settlement and receipt, alleged by the defendant to have been made and signed a few days after suit brought, the issue was squarely made, by answer and reply, whether or not there was any such settlement made or receipt given. Defendant so alleged and plaintiff in reply denied it. There was then a substantial issue on this matter, and if we were forced to pass on

DEFENSE: settlement: evidence: instruction.

this question of fact I should say that the evidence largely preponderates in favor of the plaintiff—that no such settlement occurred and no such receipt was ever signed by Betsy Morris or any one authorized by her.

On this issue, the defendant led off by introducing a witness who testified that such compromise and settlement was effected and that the receipt introduced was signed. Plaintiff then followed with evidence contradicting the testimony of defendant's witnesses, and surely it can not be successfully claimed that the court erred in permitting the plaintiff to disprove the defense by showing the falsity of its evidence. Neither did the court err in refusing to *assume* in the instructions (as defendant sought to have it do) that the receipt was a binding contract of discharge, when it was a distinct issue made as to whether or not the receipt and pretended discharge was ever signed or executed by the said Betsy Morris. The issue was not whether Betsy had signed the paper through and by the fraudulent practices of the defendant, and was seeking to have the same set aside which fraud or imposition it might be claimed ought to be pleaded; but the bare issue of *non est factum* was made, and evidence directed to such issue was entirely proper.

Judgment affirmed. All concur.