J. W. ROGERS, Respondent, v. WESTERN HOME TOWN MUTUAL FIRE INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, March 1, 1902.

1. **Pleading and Practice: PETITION: ANSWER.** The filing of an answer is a waiver of all former objections to a petition which have been raised by demurrer.

2. **Petition: FIRE INSURANCE POLICY, ALLEGATIONS OF.** Where a petition on a fire insurance policy described the house insured and destroyed by fire as his (plaintiff's) house the only rational inference that can be drawn from this allegation is that respondent was the owner of the house and claimed title to it.

3. ———: ———: DEFINITION. The plain and ordinary meaning of the expression "his house" is that the one referred to is the owner of the house.

4. **Pleading:** PRACTICE TRIAL. In the interest of substantial justice, the settled rule of practice, is to give a petition every reasonable inference that can be drawn in support of the judgment after verdict.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans,* Judge.

TRANSFERRED TO THE SUPREME COURT.

*Milton & Goodwin* and *James O. Livesay* for appellant.

(1) There was no case made out against the appellant herein, in this: petition fails to allege ownership in the property at the time of issuance of policy, and failure to plead ownership at the time of fire, which was absolutely necessary. The plaintiff utterly failed in both these instances. The record shows these points were left out. He simply sued on the policy, recovered judgment and the judgment can not stand, because of the failure of proof. Before plaintiff can recover at all he must show ownership at issuance of policy. (2) In Storey v. Ins. Co., 61 Mo. App. 534, the court said: "Every fact, proof of which is essential to a recovery by the plaintiff, must be stated in the petition, otherwise it will be defective, the omission of an essential averment, not being cured by verdict, and facts must be stated as distinguished from conclusions of law. Accordingly a petition for the recovery of loss under a fire insurance policy must state the ownership of the insured property by the plaintiff at the time of the fire, and the value of the property destroyed." "A petition declaring on an insurance policy should allege an insurable interest in the insured both at the time he obtained his policy, and at the time of the loss. The failure to do so is fatal. Harness v. Ins. Co., 62 Mo. App. 245.

*John F. Black* for respondent.

"If defendant pleads to the merits, he waives objections to mere formal defects." Grove v. Kansas City, 75 Mo. 672; Hurst v. City of Ash Grove, 96 Mo. 168, 9 S. W. 631; Johnson v. Railroad, 96 Mo. 340; Buck v. Railroad, 46 Mo. App. 555. "A party can not at the same time raise issues of law and of fact; by raising the issues of fact, he waives those of law." Donahue v. Bragg, 49 Mo. App. 273; Dunklin County v. Clark, 51 Mo. 60.

BLAND, P. J.—The suit is on an insurance policy to recover the sum of three hundred and fifty dollars with interest, damages and attorney's fees. A jury was waived and a judgment was rendered, by the court sitting as a jury, for plaintiff. It is admitted that appellant is a town mutual fire insurance company organized under the laws of the State. The only question presented by appellant for review is as to the sufficiency of the petition to support a judgment after verdict. Appellant's contention is that the petition does not allege ownership in the respondent, of the property lost by fire, either at the time of the issuance of the policy or at the time of the loss.

The material allegations of the petition are as follows:

"Plaintiff for his cause of action states that defendant on the first day of December, 1899, made its policy of insurance, No. 5034, as appears by the policy hereto attached and made a part of this petition, whereby in consideration of the sum of two dollars and fifty cents, expense fee, and ten dollars premium, the said defendant did insure this plaintiff against loss or damage by fire or lightning, in the sum of five hundred dollars as follows: $200 on his one and a half shingle roof, frame dwelling, 16-18-12-14; $150 on his household and kitchen furniture while contained therein; $50 on shingle roof frame and log barn 16-32, and $50 on grain therein and hay; $50 on farming implements. All situated in section . . . ., township . . . ., range . . . ., county of Howell, State of Missouri.

"Plaintiff states that on the twenty-fourth day of Janu-

ary, 1901, while said policy of insurance was in force, a fire occurred by which the property described as follows in the said policy of insurance was totally destroyed.    One and a half shingle roof dwelling, $200, and household and kitchen furniture, $150, making $350.    Plaintiff states that he has complied with the conditions of said policy of insurance and that said defendant, the insurance company, has failed and refused to make payment under said policy of insurance, although often requested so to do by this plaintiff."

Appellant demurred to the petition which was by the court overruled, whereupon it filed its answer.    The filing of the answer was a waiver to all former objections to the petition.    People's Bank of New Orleans v. Scalzo, 127 Mo. 164; The Salmon Falls Bank v. Leyser, 116 Mo. 51; Hurst v. The City of Ash Grove, 96 Mo. 168; Grove v. The City of Kansas, 75 Mo. 672; Buck v. Railroad, 46 Mo. App. 555.    It only remains to consider the sufficiency of the petition after verdict.

In Clevinger v. Insurance Co., 71 Mo. App. 73, the Kansas City Court of Appeals held that an allegation that defendant insured plaintiff on his stock of goods, etc., is not a distinct allegation of an insurable interest and was insufficient to support a judgment after verdict.

In Story v. Insurance Co., 61 Mo. App. 534, the petition which alleged "that before the loss, plaintiff Story sold one undivided half of the property to plaintiff Wallace with the consent of the defendant, and that with like consent he assigned one undivided half in said policy to plaintiff Wallace. The petition then proceeds as follows: 'Plaintiffs say and charge that they afterwards so owned, run and conducted the business at the same place as a livery and feed stable, and were so owning and conducting it at the time of the fire hereinafter stated,' " was held to be insufficient after verdict, there being no distinct allegation that plaintiffs owned the property destroyed by fire.

In Bondurant v. Insurance Co., 73 Mo. App. 477, it was

held by this court that, "In a suit on a policy of insurance, a description in the petition of the property insured as 'on his barn No. 1, and sheds adjoining,' enumerating the grain in the barn and crib, and alleging the amount of insurance apportioned to each, was a sufficient allegation, by implication, of plaintiff's ownership in all the property, after verdict, to support the judgment."

The rule of practice seems to be that if a matter material to plaintiff's cause of action be not expressly averred but the same be necessarily implied on what is alleged, the defect is cured by the verdict which could not have been rendered but on evidence tending to prove the material matter defectively stated.    Bank v. Leyser, supra; Lynch v. Railroad, 111 Mo. 601; State ex rel. Phillips v. Rush, 77 Mo. 586; Edmonson v. Phillips, 73 Mo. 57; Jones v. Philadelphia Underwriters, etc., 78 Mo. App. 297; Murphy v. Insurance Co., 70 Mo. App. 78.

In regard to the property insured the policy describes it as follows:

"Two hundred dollars on *his* one and a half shingle roof, frame dwelling, 16-18-12-14; $150 on *his* household and kitchen furniture while contained therein; $50 on shingle roof frame and log barn 16-32 and $50 on grain therein and hay."

The evidence tends to prove that respondent had owned and resided in the house for ten or twelve years previous to the fire and that he owned it and its contents when the loss occurred.

The petition follows the description of the property as given in the policy of insurance and uses the same possessive pronoun to indicate that plaintiff was the owner of the property at the time of loss.    If I refer to a house as my house I do not positively and unequivocally assert title to the house but I convey the idea that I own the house and would be understood by my hearers as claiming title to it.    The petition described the house insured and destroyed by the fire as his (plaintiff's) house.    The only rational inference that can be

drawn from this allegation is that respondent was the owner of the house and claimed title to it. To give the pleading a liberal construction (which should be done, especially after verdict, Oglesby v. Railroad, 150 Mo. 137), the inference of ownership in respondent should be drawn in the interest of substantial justice. Sec. 629, R. S. 1899; Vogelgesang v. City of St. Louis, 139 Mo. 127. The plain and ordinary meaning of the expression "his house" is that the one referred to is the owner of the house. Section 629, supra, requires that the construction of a pleading for the purpose of determining its effect shall be liberal, with a view to substantial justice between the parties. This statute is especially applicable where a petition defectively states a cause of action. In the interest of substantial justice, the settled rule of practice, is to give to a petition every reasonable inference that can be drawn in support of the judgment after verdict. Bank v. Leyser, supra; State ex rel. Phillips v. Rush, supra.

We think the petition was sufficient after verdict and affirm the judgment. As this opinion is in conflict with Clevinger v. Insurance Co., 71 Mo. App. 72, the cause is certified to the Supreme Court for final and authoritative decision. *Barclay* and *Goode, JJ.,* concur.