## THOMASSON, Respondent, v. MERCANTILE TOWN MUTUAL INSURANCE COMPANY, Appellant.

### St. Louis Court of Appeals, October 2, 1905.

1. **JURISDICTION: Process: Corporations.** Under section 8092, Revised Statutes 1899, requiring, in an action against an insurance company, service upon the chief officer in charge of the company's "principal office," a return of the sheriff showing that such service was had at the "usual business office" of the company, did not show jurisdiction over the defendant.

2. ———: ———: **Defective Return.** Objection to the jurisdiction over the person, where the want of jurisdiction appears by the defective return of process, must be raised by motion to quash the return and not by answer.

3. ———: ———: ———: **Waiver.** In such case, where the defendant pleads to the jurisdiction and to the merits by general denial in the same answer, he waives the want of jurisdiction; the rule that one may plead to the jurisdiction and to the merits in the same answer, where the want of jurisdiction arises from some fact not apparent in the return or petition, does not apply in such case.

4. ———: **Subject-Matter: Question, When Raised.** Want of jurisdiction of the court over the subject-matter of an action can be taken advantage of at any time, either in the trial or appellate court, and where such want of jurisdiction appears upon the face of the record, the subject may be reviewed in the appellate court, in the absence of a motion for new trial or in arrest.

5. **PLEADING: Insurance: Insufficient Petition: Demurrer.** In an action on a policy of fire insurance, where the petition alleged that the property when insured was in the county where the suit was brought and alleged that the said property was destroyed by fire, without alleging that such destruction was in the proper county, was subject to demurrer.

6. ———: ———: **Insufficient Petition Good After Verdict: Demurrer.** Such a petition, however, no demurrer having been filed, is good after verdict, because the property having been alleged to be in the proper county when insured, nothing to the contrary appearing, is presumed to have been there when burned.

7. ———: ———: **Defective Statement.** The petition in such case did not show a defective cause of action, but a cause of action defectively stated, which is good after judgment, under section 672, Revised Statutes of 1899.

Dissenting Opinion by Bland, P. J.

8. **JURISDICTION: Waiver.** The defendant, by uniting in his answer a plea to the jurisdiction with a plea to the merits, did not waive the question of jurisdiction over the person.

Appeal from Dunklin Circuit Court.—*Hon. Jas. L. Fort,* Judge.

AFFIRMED AND CERTIFIED TO SUPREME COURT.

*Barclay & Fountleroy* and *Walker & Cox* for appellant.

(1) The trial court did not acquire jurisdiction of the person of defendant for several reasons, the first of which is: Because the law requires the service of the original petition and summons to be made on the "president or secretary, or other chief officer in charge of the principal office of such company, by the acting sheriff of the county in which such company may have its principal office." Neither the petition nor the return nor anything in the case shows that the service was made upon any officer in charge "of the principal office of such company" as required by law. R. S. 1899, sec. 8092; Vickery v. Railway, 93 Mo. App. 1. (2) Returns of this kind are strictly construed. The essential facts must appear affirmatively or no jurisdiction attaches. Blanton v. Jamison, 3 Mo. 52; Haley v. Railroad, 80 Mo. 112; Gamasche v. Smythe, 60 Mo. App. 161; Laney v. Garbee, 105 Mo. 355, 16 S. W. 831; Rosenberger v. Gibson, 165 Mo. 16, 65 S. W. 237. (3) The court had no jurisdiction of the subject-matter so far as related to the insurance on the hay, grain and farm utensils, and the amounts of insurance respectively claimed upon each of those items, because the petition does not allege that those items were destroyed by fire in Dunklin county, which allegation was necessary to give the circuit court of that county jurisdiction over the subject-matter of those items, and therefore the finding for $654 was erroneous as matter

of law and would not warrant the judgment. Wright v. Ins. Co., 73 Mo. App. 365; Todd v. Ins. Co., 1 Mo. App. 472; R. S. 1899, sec. 602. (4) The want of jurisdiction was set up in the answer of defendant. The fact that the answer furthermore contained a second defense, in the form of a plea to the merits, was not a waiver of the plea of want of jurisdiction over the person of defendant, still less as to the subject-matter. The latter defect is never waived. R. S. 1899, sec. 602; Henderson Case, 55 Mo. 534. Little v. Harrington, 71 Mo. 390; Byler v. Jones, 79 Mo. 261; Cohn v. Lehman, 93 Mo. 574, 6 S. W. 267; Nichols v. Stevens, 123 Mo. 118, 25 S. W. 578, 27 S. W. 613; Christian v. Williams, 111 Mo. 429, 20 S. W. 96.

*Ely & Kelso* for respondent.

(1) "Wherein accordance with his right, a defendant wishes to raise the objection that the court is without jurisdiction over his person he must, according to the weight of authority, limit his appearance to that single question, or he will be deemed to have waived the objection. Such special appearance may be made at any stage of the proceedings, without making any other appearance in the cause, provided it is the first step taken therein." 3 Cyc. Law and Procedure, page 511. Tower v. Moore, 52 Mo. 120. (2) Appellant says that it united in its answer a plea to the jurisdiction in this case, with a plea to the merits; and insists that a plea to the merits was not a waiver of jurisdiction and that the court never acquired jurisdiction of the person. The only question presented was a defective return. Appellants insists that such a doctrine finds support in the following authorities: Little v. Harrington, 71 Mo. 390; Byler v. Jones, 79 Mo. 261; Cohn v. Lehman, 93 Mo. 118, 6 S. W. 267; Christian v. Williams, 111 Mo. 249, 20 S. W. 96.

NORTONI, J.—This is a suit on a policy of insurance against fire. Plantiff recovered judgment therein

and defendant appeals to this court. The bill of exceptions preserves none of the evidence. The only questions for review here are, first, the matter of exception pertaining to the ruling of the trial court on defendant's plea in abatement, wherein it was contended that the sheriff's return to the summons failed to show that the court had acquired jurisdiction of the person of defendant and, second, the matter arising on the record proper as to the sufficiency of the allegations of the petition. The facts will appear in the opinion.

The return on the writ of summons is as follows:

"Executed this writ in the city of St. Louis, Missouri, on the within named defendant, the Mercantile Town Mutual Insurance Company (a corporation) this 13th day of April, 1903, by delivering a copy of the writ and petition as furnished by the clerk to J. W. Daugherty, secretary of the defendant corporation, he being in said defendant's *usual business* office and in charge thereof. The president or other chief officer of said company could not be found in the city of St. Louis at the time of service.—Joseph F. Dickman, sheriff, by Wm. Cahill, deputy."

It is contended by defendant that the return is insufficient inasmuch as it is therein certified that the service was had in defendant's "usual business office" instead of the "principal office" of such company. The statute in that behalf is as follows:

"Suits may be instituted in the circuit court of any county in this State where the cause of action originated against any company operating under the provisions of such article or where such company has its principal office, and whenever any suit shall be so instituted against any such company, a certified copy of the original petition and summons shall be served on the president or secretary, or other chief officer in charge of the principal office of such company, by the acting sheriff of the county in which such company may have its principal

office. If such company have its principal office in the city of St. Louis, then the acting sheriff of the city of St. Louis shall serve the process herein mentioned. And service when so made and proven by the return thereof, shall be deemed service on any such company proceeded against." [Sec. 8092, R. S. 1899.]

The cause of action originated in Dunklin county. Service was had in the city of St. Louis, presumably because the principal office is in that city. This fact is not shown, however, in the return. The return states that the service was at the "usual business office" of the company in St. Louis. The statute quoted enables service to be had in St. Louis, if the cause of action originated elsewhere, only by serving the president, secretary or other chief officer in charge of the company's "principal office." The return shows the secretary in charge of its "usual business office" was served. That might be at a place other than its principal office. The company might have had its principal office outside of the city of St. Louis and business offices in such city, or it may have had its principal office in St. Louis and other business offices there which would come under the category of "usual business" office.

It is apparent that the return in this case does not show good service under the statute quoted. It is insisted, however, by respondent, that the defective service was waived by the appearance of the defendant to the merits of the cause in the trial court. The record before us shows the following in this respect. Omitting caption, the answer is as follows:

"Defendant appearing specially, by its attorneys, for the purpose of this answer and for no other purpose, avers that this court has no jurisdiction over the person of the defendant in this cause. Wherefore, defendant prays that this action be abated and for its costs.

"2. Without waiving the aforesaid plea in abatement, defendant appearing specially as aforesaid, for an-

114 app—8

swer to the plaintiff's petition, denies generally, each and every allegation thereof."

Upon this answer the court first heard the evidence on the plea in abatement and found the issues against the defendant. The case then coming on to be heard on the merits, the defendant's counsel immediately withdrew and participated no further therein. Plantiff proved his cause, at least we presume so from the fact that the finding and judgment were for him. The evidence on the merits is not before us in the bill of exceptions. After the finding on the merits against it, the defendant appeared specially and filed motions for new trial and in arrest of judgment, alleging that the court erred in its finding on such plea in abatement. There was no motion to quash the return for insufficiency appearing on its face and the matter was raised in no other manner than by the answer above quoted, which answer also contained a general denial. Respondent contends that by thus answering with the general denial, appellant appeared to the merits of the case and thereby waived its right to complain of the defective service shown by the insufficient return. Replying to this, appellant insists that under our system of pleading, it was bound to include in one answer every matter of defense it had, therefore it did not waive the plea to the jurisdiction by its pleading to the merits. Our Supreme Court in the very recent case of Newcomb v. Ry. Co., 182 Mo. 707, has settled this question conclusively, so far as this court is concerned. The court said:

"It is true that under our system, a plea in abatement is not waived by a plea in bar in the same answer and the defendant must include all of his defenses in one answer. But the insufficiency of this return was not a point to be presented by the plea at all; it was out of place in the answer."

The conclusions reached in that case are that the insufficiency, when appearing on the face of the officer's

return, is a matter to be reached by motion and not by answer. In this case, the defendant might have made its special appearance for the purpose of the motion only and moved to quash the return for the insufficiency appearing on its face, and in event such motion had been overruled by the court, the appellant could have preserved its exception and withdrawn; and had judgment thereafter been entered by the court, upon appeal here the same could have been reversed because of such insufficient return. But by its general denial, the appellant made a general appearance to the merits of the cause and after such appearance is made, it is wholly immaterial as to what was the character of the return. In discussing this question, the Supreme Court in the case above cited, points out that the question of jurisdiction may arise on the face of the return of the summons, or on the face of the petition, or by reason of some fact not appearing either in the return or in the petition, and said:

"If it arises on the face of the return, it is only a question of whether the defendant has been properly served; that is met by motion to quash the return: if it arises on the face of the petition, it is a question of law and is met by demurrer, and if it arises from some fact that appears neither in the return nor in the petition, it is presented by plea." [Newcomb v. Ry., supra.]

Our conclusion on this branch of the case is that by answering to the merits, the defendant appeared, and having thus made his election, he is precluded thereafter from insisting upon a want of jurisdiction over its person. This is certainly sound law on the subject and is amply supported by authority. Work on Jurisdiction of Courts, sec. 22, says: "If a party wishes to insist upon the objection that he is not in court, he must keep out for all purposes, except to make the objection." [See also sec. 34, Cyclopedia of Law & Proced. (3 vol.), 511; Speer v. Burlingame, 61 Mo. App. 83.]

2. As to the property insured and its location, the petition alleges that "the defendant insured plaintiff

against loss or damage by fire to the amount of $300 up-on his barn, situated upon the south half of the south-east quarter of section 18, township 20 N, range 10 E in Dunklin county, Missouri, and to the amount of $400 upon hay and grain *therein* and to the amount of $100 on farm utensils *therein*," etc.  The allegation contain-ed in the petition as to the destruction of said property by fire is as follows: "And that on the fifteenth day of November, 1902, and while said policy was in force, said barn, hay and grain and farm utensils were totally des-troyed by fire."  It is contended by appellant that the petition is fatally defective in so far as the location of the hay, grain and farm utensils are concerned at the time of the fire; that the petition should have contained a formal allegation to the effect that the property was destroyed while situated as aforesaid, or words to that effect, and in the absence thereof, the circuit court of Dunklin county had no jurisdiction of the subject-mat-ter of those items of loss.  This question was not raised in the court below, nor is it referred to in the motion for new trial or in arrest, the contention being advanced here for the first time.  There can be no doubt that the want of jurisdiction of the court over the subject-matter of the action can be taken advantage of at any time, eith-er in the trial or appellate court.  The law is thoroughly settled to that effect. [Parlin et al. v. Hord, 145 Mo. 117, 46 S. W. 753; Bray v. Marshall, 66 Mo. 122; Graves v. McHugh, 58 Mo. 499; Henderson v. Henderson, 55 Mo. 534.]  And it is likewise true that such defect appearing upon the face of the record proper, may be reviewed by the appellate court even in the absence of a motion for new trial or in arrest. [Lilly v. Menke, 126 Mo. 190, 28 S. W. 643, 994; State ex rel. v. Scott, 104 Mo. 26, 15 S. W. 987, 17 S. W. 11; McIntire v. McIntire, 80 Mo. 470; Weil v. Green, 69 Mo. 281; Munchow v. Munchow, 96 Mo. App. 553, 70 S. W. 386.]

Appellant admits in its argument here that the gen-eral allegation of loss of the barn which was insured as

being in Dunklin county is sufficient after verdict to show jurisdiction of the court over the subject-matter in so far as the barn is concerned, but levels its objection against the items of personal property only, insisting that the petition must contain an allegation that such personal property was in Dunklin county, at least at the time of the fire, in order to show the cause of action on account of its loss to have originated within the jurisdiction of the circuit court of that county. We are cited to Todd v. Ins. Co., 1 Mo. App. 472, and Wright & Son v. Ins. Co., 73 Mo. App. 365, as supporting this contention.

In the Todd case the facts were that the policy was issued to a commission firm to cover a stock of produce, "their own, held by them in trust on consignment or sold but not delivered," contained in the second story of a building known as No. 312 North Commercial street, Saint Louis. The suit by Todd, a customer of the commission firm, was for the loss of buffalo meat which Todd had shipped to the commission firm to be sold. The opinion says: "It does not anywhere appear in the petition that the buffalo meat came to 312 North Commercial street, or that this building had been visited by fire," hence the petition was held fatally defective on demurrer. It is apparent from what is said that there was no allegation that the buffalo meat, which had been shipped to the commission firm, ever reached the building insured or that it came within the purview of the policy at all and was there at the time of the fire, and further, the court expressly said that nothing appeared in the petition showing that the building itself had been visited by fire. This being true, there was certainly a failure to show a cause of action within the jurisdiction of any court. That case cannot be in point here. Nor does the case of Wright & Sons v. Ins. Co., 73 Mo. App. 365, support appellant's contention. In that case Judge ELLISON merely referred to the Tood case and suggested that as the case then under consideration was to be remanded anyway, and the petition was to be amended for other

reasons, it might be well for the plaintiff to further amend by showing that the goods were burned in the building in which they were located when insured. There is nothing in that case which is pertinent here after verdict.

In the absence of an express allegation that the property was destroyed by fire while situated as insured, or words to that effect, the petition would have been subject to demurrer in the court below. No demurrer was interposed, however, nor was there an objection to the introduction of evidence on the ground of its insufficiency, and it is admitted here by appellant that the showing made in the petition that the barn was located in Dunklin county when insured and the general allegation of its destruction by fire would be sufficient after verdict as to the barn. We fully agree with appellant as to this proposition. It is good after verdict because of the application of that principle of law that a state of facts once shown to exist is presumed to continue until the contrary is shown. The barn having been alleged to be in Dunklin county when insured, is presumed to be there when burned, nothing to the contrary appearing thereto. [Pope v. K. C. Cable Ry. Co., 99 Mo. 400; Cargile v. Wood, 63 Mo. 501; Merrill Chemical Co. v. Nichols, 66 Mo. App. 678; State v. Coffee, 75 Mo. App. 88.] The rule that a condition of things once shown to exist will be presumed to continue until the contrary appears, although usually stated as a rule of evidence, applies with equal force to pleading when the facts stated are in their nature, by fair inference, continuous and no limitation as to time suggested. [Stone v. Wendover, 2 Mo. App. 247; Pattison's Mo. Code Plead., sec. 187.] This same presumption renders the allegation as to the personal property sufficient after verdict, for the petition, after having alleged the insurance on the barn, then alleges the insurance upon the hay, grain and utensils *therein* and locates the barn in Dunklin county. The same general allegation of loss applies to one as to the other, and

the same presumption obtains. The petition having shown the location of the personal property to be in the barn when insured, and alleged its destruction by fire, it will be presumed now, in aid of the verdict, and finding, that it was in said barn in Dunklin county and within the jurisdiction of said court at the time of the fire. Every reasonable presumption and intendment, which are or may be implied from the facts averred, must be allowed after verdict in aid thereof. [Murphy v. Ins. Co., 70 Mo. App. 78, and cases cited; Rodgers v. Ins. Co., 93 Mo. App. 24, and cases cited; Rodgers v. Ins. Co., — Mo. —, 85 S. W. 369.]

The petition in this case defectively stated a cause of action. It was not a statement of a defective cause of action. There is a marked distinction in our practcie between a petition which defectively states a cause of action and one which states no cause of action at all. A defective cause of action is one thing and a defectively stated cause of action is another. A petition stating a cause of action defectively. is good after judgment. [Murphy v. Ins. Co., 71 Mo. App. 1; Edmondson v. Phillips, 73 Mo. 59; State ex rel. v. Rush, 77 Mo. 586; Bank v. Leyser, 116 Mo. 51, 22 S. W. 504.] The petition in the case at bar, as said before, defectively states a cause of action and its terms are sufficiently general by fair and reasonable intendment, to comprehend the omitted averment as to where the property was situated when burned. Although this allegation be absent, we feel that that fact is necessarily implied from what is therein stated, for it is alleged that the property was situated within the jurisdiction of the court at the time it was insured, and it is also alleged that the property was destroyed by fire, and in the absence of any fact to the contrary appearing, the presumption obtains that the property remained situated at the time of the fire as at the time of effecting the insurance. Section 672 of the Revised Statutes of 1899 provides, among other things, that when a verdict shall have been rendered in any

cause, the judgment thereon shall not be reversed for want of any allegation or averment on account of which a demurrer could have been maintained, or for omitting any allegation or averment without proving which the triers of the issue ought not to have given such verdict. This statutory rule has been invoked and applied in a great many adjudicated cases. [Murphy v. Ins. Co., 70 Mo. App. 78; Malone v. Ins. Co., 71 Mo. App. 1; Bassett v. Tel. Co., 48 Mo. App. 566; Buck v. Ry., 46 Mo. App. 555; Duff v. Fire Assn., 129 Mo. 460, 30 S. W. 1034; Bank v. Leyser, 116 Mo. 51, 22 S. W. 504; Bank v. Gilpin, 105 Mo. 17, 16 S. W. 524; Knox County v. Brown, 103 Mo. 223, 15 S. W. 382; State v. Webster, 53 Mo. 135; State v. County Court, 51 Mo. 522; Jones v. Louderman, 39 Mo. 135; Richardson v. Farmer, 36 Mo. 36.]

The rule announced by the cases and in recognition of the statutory rule above quoted is, that when statements in pleadings are defective and uncertain, evidence in support of such statement will cure such defect and uncertainty. [Rodgers v. Ins. Co., 93 Mo. App. 24; Murphy v. Ins. Co., 70 Mo. App. 78; Edwards v. Ins. Co., 74 Mo. 117; Owen v. Crum, 20 Mo. App. 121; Rodgers v. Ins. Co., 186 Mo. 248, 85 S. W. 369.] And, indeed, the statute itself seems conclusive here, for the defect in the petition complained of was one for which a demurrer might have been maintained in the court below and the omitted formal allegation that the property was located in Dunklin county when destroyed by fire was a fact which it was essential and requisite for the plaintiff to prove before the triers of fact would have been warranted in giving him a verdict. Appellant did not demur and, no doubt, proof was offered which supplied the defective allegation. Therefore, applying these well-settled statutory and adjudicated rules on the subject to the case in hand, we are fully persuaded that the petition is sufficient after verdict.

Finding no reversible error in the record, the judg-

ment is affirmed. *Goode, J.,* concurs; *Bland, P. J.,* dissents.

BLAND, P. J. (dissenting).—I think the majority of the court has misapprehended the office of a plea in abatement under our code of civil procedure. As I understand the code, this plea may, as at common law, overthrow or destroy the entire suit or it may, as in equity, be a dilatory plea and simply postpone the suit and hold it in abeyance; this happens as well where there is a defective service of summons on the defendant as where there is a defect of parties plaintiff or defendant to the suit, and it seems to me that it is as permissible to set up the one as the other in the answer for the purpose of suspending the suit until the defect is remedied. A legal return of service of summons on a defendant, unless waived by his personal appearance, is essential to confer jurisdiction as to the person, and in Meyer v. Insurance Company, 184 Mo. l. c. 487, the court says: "It is proper here to say, however, that under the present practice in this State a defendant can unite in the same pleading a plea to the jurisdiction, as to the person as well as to the subject-matter, with a plea to the merits, and that he does not thereby waive the question of jurisdiction of the court." If this is so, then the defendant by uniting in its answer its plea to the jurisdiction of the court with its plea to the merits did not waive the question of jurisdiction of the court over its person. The majority opinion holds to the contrary. I think this holding is opposed to the Meyer case, which is the latest expression of the Supreme Court upon the subject. For these reasons I think the case should be certified to the Supreme Court for final decision.