H. H. LOHOEFFNER, Respondent, v. MERCANTILE TOWN MUTUAL INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, April 19, 1909.

1. INSURANCE: Town Mutual Company: Process: Service: Return. A sheriff returned that he served the process on the secretary of the defendant "in the defendant's usual business office and in charge thereof." Held, the service was insufficient since the statute requires that the service be in the "principal office" of the defendant and the return must strictly comply with the statute.

2. JURISDICTION: Trial Practice: Appearance: Demurrer: Answer. The demurrer and the answer of the defendant in this cause are considered and held to constitute a general appearance so as to waive insufficient service.

Appeal from Boone Circuit Court.—*Hon. Alex. H. Waller,* Judge.

AFFIRMED.

*C. B. Sebastian, Thos. T. Fauntleroy, George H. Shields* and *Shepard Barclay* for appellant.

(1) The return of service was insufficient because it does not show that the officer to whom the papers were delivered was in charge "of the principal office" of defendant, as required by the law governing town mutual companies. Haley v. Railroad, 80 Mo. 112; Thomasson v. Insurance Co., 81 S. W. 911; Gamasche v. Smythe, 60 Mo. App. 161; Williams v. Dittenhoefer, 86 S. W. 242; Vickery v. Railway, 93 Mo. App. 1; R. S.

1899, secs. 8092, 8084; 18 Ency. Pl. & Pr. 935, and cases there cited; R. S. 1899, sec. 4160; Heidelberg Case, 100 Mo. 74; Kolkmeyer v. Jefferson, 75 Mo. App. 683; Musick v. Railway, 114 Mo. 310; Payne v. Masek, 113 Mo. 631; Blanton v. Jamieson, 3 Mo. 52; Rosenberger v. Gibson, 165 Mo. 16; Lancy v. Garbee, 105 Mo. 355. (2) Appearing before the return term, in response to notice to take depositions, cross-examining a witness, and agreeing to have the evidence taken by shorthand and transcribed, do not amount to an appearance. Briggs v. Davis, 34 Maine 158; Scott v. Hull, 14 Ind. 136. (3) A party may plead to the jurisdiction and to the merits in the same answer and is, indeed, bound to plead in that way. Having done so, there is no waiver of the matter of jurisdiction by defending the merits after the former plea has been overruled. Little v. Harrington, 71 Mo. 390; Kenner v. Land Co., 141 Mo. 251; Byler v. Jones, 79 Mo. 261; Hoffman v. London, 96 Mo. App. 181; Christian v. Williams, 111 Mo. 429; Cohn v. Lehman, 93 Mo. 574; Meyer Case, 184 Mo. 481. (4) A law on a special topic is of larger force than a more general law including the whole subject, and every word and all parts of a law must be given effect, *"ut res magis valeat quam pereat."* St. Louis v. Lane, 110 Mo. 254; State v. Marion Co., 128 Mo. 427; 18 Ency. Pl. and Pr. 935.

*N. T. Gentry* for respondent.

(1) Appellant insists that the trial court did not have jurisdiction over the person of the defendant, because of the defect in the sheriff's return. Counsel for respondent insists, however, that the "principal office" contemplated by section 8092, Revised Statutes 1899, is the same as the "usual office," which the sheriff certifies was the place where he served the summons on J. W. Daugherty, secretary of defendant corporation. If the defendant had its principal office at a certain place, surely then that place was its usual office. In

other words, principal and usual are synonymous when they refer to one's business office. The defendant's principal office was its usual business office, and *vice versa.* Thomasson v. Insurance Co., 89 S. W. (Mo. App.) 564; Taussig v. Railway, 186 Mo. 180; Davis v. Railway, 126 Mo. 76; R. S. 1899, sec. 10043. (2) But whether the sheriff's return to the summons was sufficient or not, the defendant appeared on the first day of the next term and filed what it termed a demurrer to petition. If the defendant desired simply to raise a jurisdictional question, then its appearance and its motion should have been for that purpose, and that purpose only. By referring to the merits of the case in any paper filed by it, the defendant thereby waived the jurisdictional question. Roland v. Coyne, 55 Cal. 1; Sluter v. Hallowell, 90 Ind. 288; New Jersey v. New York, 6 Pet. 323; Coffee v. Chippewa Falls, 36 Wis. 125; Handy v. Insurance Co., 37 Ohio St. 369; Tyrrell v. Jones, 18 Minn. 312; Railway v. McBride, 141 U. S. 130; Railway v. Railway, 63 N. Y. 176; Works on Jurisdiction, sec. 13; Roy v. Mercantile Co., 26 Pac. (Wyoming) 996; Sheehan v. Sims, 36 Mo. App. 230. (3) Filing a demurrer is equivalent to entering a general appearance in the case. Albert v. Investment Agency Co., 23 Atl. (N. J.) 8; Railway v. Railway, 63 N. Y. 181; Carter v. Tallant, 51 Kan. 516; Fry v. Railway, 73 Mo. 127; Bailies on Code Plead., p. 17; Andrews-Stephen on Plead. (2 Ed.), p. 265; Printing Co. v. Budd, 2 Wash. 339; Johnson v. Tostevin, 60 Iowa 46; Merrill v. Houghton, 51 N. H. 61; Knight v. Low, 15 Ind. 375; New Jersey v. New York, 6 Peters (U. S.) 323; Insurance Co. v. Palmer, 81 Ill. 88; Belden v. Wilkinson, 60 N. Y. Supp. 1083; Bailies on Code Plead., pp. 313, 314; Gilbert v. Hall, 115 Ind. 551; Works on Jurisdiction, sec. 22; Kronski v. Railway, 77 Mo. 368; Steven v. Harris, 99 Mich. 233; Speer v. Burlingame, 61 Mo. App. 83.

ELLISON, J.—This is an action on a fire insurance policy, the defendant being a town mutual insurance company organized under article 11, chapter 119, Revised Statutes 1899. The judgment in the trial court was for the plaintiff.

The matter presented for our consideration relates to a question of jurisdiction of the defendant. A consideration of the question involves a construction of the statute and the sheriff's return of service of the summons and also whether there was a waiver of proper service by appearance of the defendant.

The action was brought in Boone county and the service of the summons was in city of St. Louis. The following is the return endorsed thereon:

"Served this writ in the City of St. Louis, Missouri, on the within named defendant the Mercantile Town Mutual Insurance Company (a corporation), this 10th day of November, 1904, by delivering a copy of the writ and petition as furnished by the clerk to J. W. Daugherty, secretary of the said defendant corporation, he being in said defendant's usual business office and in charge thereof. The president or other chief officer of said defendant could not be found in the City of St. Louis at the time of service.

"Fee $1.15.        "Joseph F. Dickmann, Sheriff,

"By R. Cahill, Deputy."

The statute (section 8092, Revised Statutes 1899) governing service on town mutual fire insurance companies provides that "Suits may be instituted in the circuit court of any county in this State where the cause of action originated against any company operating under the provisions of this article or where such company has its principal office, and whenever any suit shall be so instituted against any such company, a certified copy of the original petition and summons shall be served on the president or secretary, or other chief officer in charge of the principal office of such company, by the

acting sheriff of the county in which such company may have its principal office. If such company have its principal office in the city of St. Louis, then the acting sheriff of the city of St. Louis shall serve the process herein mentioned. And service when so made and proven by the return thereof, shall be deemed service on any such company proceeded against." It will be noticed that the return shows the summons was served on the secretary in charge of "defendant's usual business office," instead of the "principal office," as required by the statute.

We are satisfied that the service at the "usual business office" was not a service at the "principal office" of the defendant, and for that reason no jurisdiction of the defendant was obtained by such service. [Thomason v. Insurance Co., 114 Mo. App. 109, 89 S. W. 564.] Service on the "nearest agent" of a railroad company will not meet the requirement of a statute that it shall be had on "the nearest station agent." [Haley v. Railway, 80 Mo. 112; Blanton v. Jamison, 3 Mo. 52.] It was held in Gamasche v. Smythe, 60 Mo. App. 161, in an opinion by Judge ROMBAUER, that the condition of service, of the character here considered, must be strictly complied with and that no inferences will be made in its favor, but rather will be taken against it to the full extent "which its departure from the description of the statute will warrant." Several instances furnished by decisions of the Supreme Court are cited in that case by way of illustration of the correctness of the view taken as to the particularity required in such service.

The question is presented whether jurisdiction of the body corporate has been waived. The defendant came into court and filed a demurrer claiming therein to appear for no other purpose. The grounds of demurrer were that the petition and record disclosed that the court had no jurisdiction of the defendant and on the ground that the petition did not state a cause of action. The demurrer was overruled. The defendant then

filed an answer in two counts. The first stated an appearance for the special purpose of challenging the jurisdiction of the court. The second was a general denial of the plaintiff's petition. Afterwards the defendant filed an amended answer disclaiming a general appearance and alleging that the court had no jurisdiction over the defendant for the reason that the service of process was insufficient, and therefore asked that the action be abated. And then again made a general denial of the allegations of the petition, but repeated its statement that thus answering was not a waiver of its matter in abatement.

Under the view stated by Judge VALLIANT in Newcomb v. Railway, 182 Mo. 687, followed by the St. Louis Court of Appeals in Thomason v. Insurance Co., 89 S. W. 564, 114 Mo. App. 109, we must hold that the defendant waived the insufficient service.

We do not regard the other points made by defendant in regard to defects in the petition and as to the action of the trial court in the matter of setting the cause for hearing after sustaining motion for new trial, as of substantial merit.

The foregoing was written just after the cause was submitted in March, 1906, when it was suggested that as the case of Thomason v. Insurance Co., *supra,* with similar question, was pending in the Supreme Court on a certificate from the St. Louis Court of Appeals, we should withhold it to await the action of the Supreme Court. We have now been furnished with a copy of the opinion of the latter court by Judge GANTT in which the views expressed by Judge NORTONI of the St. Louis Court of Appeals, and by us herein, are approved. We therefore promulgate this opinion and direct the affirmance of the judgment. All concur.